UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ALEXIS SKLAIR, STERLING RETTKE, and NATHANIEL BROWN, on behalf of themselves and all others similarly situated, | 20 Civ. 2495 (LTS)(GWG) |
| Plaintiffs, | |
| v. | |
| MIKE BLOOMBERG 2020, INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF RELEVANT FACTS ALLEGED.................................................... 2

LEGAL ARGUMENT.................................................................................................. 5

I. PLAINTIFFS FAIL TO STATE A CLAIM OF FRAUDULENT INDUCEMENT........... 5

 A. PLAINTIFFS' FRAUDULENT INDUCEMENT CLAIM FAILS ON THE MERITS................. 5

  1. Plaintiffs Do Not Allege A Misrepresentation of Present Fact................. 6

  2. Plaintiffs Do Not Allege An Intent to Deceive.......................................... 7

  3. Plaintiffs Cannot Establish Reasonable Reliance. ..................................... 8

  4. Plaintiffs Do Not Allege Any Non-Speculative Injury.............................. 9

 B. THE COMPLAINT FAILS TO SATISFY THE HEIGHTENED PLEADING
STANDARD FOR FRAUD CLAIMS........................................................................... 11

II. PLAINTIFFS FAIL TO STATE A CLAIM OF PROMISSORY ESTOPPEL................. 12

 A. PROMISSORY ESTOPPEL IS NOT RECOGNIZED IN THE EMPLOYMENT
CONTEXT. ............................................................................................................ 12

 B. PLAINTIFFS' PROMISSORY ESTOPPEL CLAIM FAILS ON THE MERITS. ................... 13

  1. Plaintiffs Cannot Establish Reasonable Reliance. ................................... 14

  2. Plaintiffs Cannot Establish An Unconscionable Injury. .......................... 14

III. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN. ........................... 16

 A. THE COURT MAY STRIKE CLASS ALLEGATIONS AT THE PLEADING STAGE. .......... 16

 B. THE HIGHLY INDIVIDUALIZED INQUIRIES NECESSARY TO PROVE
PLAINTIFFS' CLAIMS PRECLUDE CLASS TREATMENT............................................. 17

  1. Plaintiffs' Claims Require Individualized Inquiries Into The
Substance Of Their Communications With The Campaign. .................... 18

  2. Plaintiffs' Claims Require Individualized Inquiries Into Plaintiffs'
State Of Mind......................................................................................... 18

  3. Plaintiffs' Claims Require Individualized Inquiries Into Plaintiffs'
Purported Injuries................................................................................... 20

CONCLUSION........................................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AEI Life LLC v. Lincoln Benefit Life Co*.,
   892 F.3d 126 (2d Cir. 2018)...................................................................................................6

*Allison v. Clos-ette Too, LLC*,
   No. 14-cv-1618 (LAK)(JCF), 2014 WL 4996358 (S.D.N.Y. Sept. 15, 2014) .......................12

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997).............................................................................................................17

*Andrews v. Sotheby Int'l Realty, Inc.*,
   No. 12-cv-8824 (RA), 2014 WL 626968 (S.D.N.Y. Feb. 18, 2014), *aff'd*, 586
   F. App'x 76 (2d Cir. 2014) ..................................................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................................5

*Baguer v. Spanish Broad. Sys., Inc.*,
   No. 04-cv-8393 (KMK), 2007 WL 2780390 (S.D.N.Y. Sept. 20, 2007) ...............................14

*Bd. of Trustees ex rel. Gen. Ret. Sys. of Detroit v. BNY Mellon, N.A.*,
   No. 11-cv-6345 (RJS), 2012 WL 3930112 (S.D.N.Y. Sept. 10, 2012) ..................................13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................................5

*Berger v. Roosevelt Inv. Grp. Inc.*,
   28 A.D.3d 345 (1st Dep't 2006) .............................................................................................8

*Berman v. Neo@Ogilvy LLC*,
   No. 14-cv-00523 (GHW)(SN), 2014 WL 6865718 (S.D.N.Y. Aug. 15, 2014)........................4

*Bessemer Tr. Co. v. Branin*,
   498 F. Supp. 2d 632 (S.D.N.Y. 2007), *aff'd*, 618 F.3d 76 (2d Cir. 2010) .............................12

*Brady v. Calyon Sec. (USA)*,
   406 F. Supp. 2d 307 (S.D.N.Y. 2005)..................................................................................6, 8

*Broussard v. Meineke Discount Muffler Shops, Inc.*,
   155 F.3d 331 (4th Cir. 1998) ...............................................................................................19

*Chambers v. Time Warner, Inc*.,
   282 F.3d 147 (2d Cir. 2002)................................................................................................2, 4

## TABLE OF AUTHORITIES
(cont'd)

**Page(s)**

*Cloke-Browne v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*,
    No. 10-cv-2249 (LTS), 2011 WL 666187 (S.D.N.Y. Feb. 9, 2011) (Swain, J.) ................7, 11

*Cohen v. Avanade, Inc.*,
    874 F. Supp. 2d 315 (S.D.N.Y. 2012)....................................................................................11

*Connaughton v. Chipotle Mexican Grill, Inc.*,
    29 N.Y.3d 137 (2017) ..............................................................................................................9

*Dalton v. Union Bank of Switzerland*,
    134 A.D.2d 174 (1st Dep't 1987) ..........................................................................................15

*Davis v. Navient Corp.*,
    No. 17-cv-00992 (LJV)(JJM), 2018 WL 1603871 (W.D.N.Y. Mar. 12, 2018) ..........16, 18, 21

*Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*,
    No. 06-cv-5474 (JGK), 2008 WL 857492 (S.D.N.Y. Mar. 31, 2008)...................................6, 8

*Dhir v. Carlyle Grp. Emp. Co.*,
    No. 16-cv-06378 (RJS), 2017 WL 4402566 (S.D.N.Y. Sept. 29, 2017) ............................6, 13

*Dow v. Cradlepoint, Inc.*,
    No. 16-cv-3341 (CC), 2017 WL 10562980 (N.D. Ga. June 13, 2017)....................................6

*Downey v. Adloox Inc.*,
    238 F. Supp. 3d 514 (S.D.N.Y. 2017)..................................................................................6, 8

*Eternity Global Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
    375 F.3d 168 (2d Cir. 2004).................................................................................................11

*Fishoff v. Coty Inc.*,
    676 F. Supp. 2d 209 (S.D.N.Y. 2009), *aff'd*, 634 F.3d 647 (2d Cir. 2011) ...........................15

*FMC Techs., Inc. v. Edwards*,
    464 F. Supp. 2d 1063 (W.D. Wash. 2006)...............................................................................6

*Geary v. Hunton & Williams*,
    257 A.D.2d 482 (1st Dep't 1999) ..........................................................................................10

*George v. Thomas*,
    No. 19-cv-3020 (DLI)(PK), 2020 WL 1643486 (E.D.N.Y. Mar. 31, 2020) ..........................15

*Graham v. Cingular Wireless LLC*,
    No. C05-1810JLR, 2007 WL 30871 (W.D. Wash. Jan. 4, 2007)...........................................13

*Hamzaraj v. ABM Janitorial Ne. Inc.*,
    No. 15-cv-2030 (ER), 2016 WL 3571387 (S.D.N.Y. June 27, 2016) ......................................4

## TABLE OF AUTHORITIES

(cont'd)

**Page(s)**

*Hoeffner v. Orrick, Herrington & Sutcliffe LLP,*
 61 A.D.3d 614 (1st Dep't 2009) ............................................................10

*Hudson v. Delta Air Lines, Inc.,*
 90 F.3d 451 (11th Cir. 1996) ..............................................................20

*In re Petrobras Sec.,*
 862 F.3d 250 (2d Cir. 2017)................................................................17

*In re Rail Freight Fuel Surcharge Antitrust Litig.-MDL No. 1869,*
 725 F.3d 244 (D.C. Cir. 2013) ............................................................20

*Ipcon Collections LLC v. Costco Wholesale Corp.,*
 698 F.3d 58 (2d Cir. 2012)..................................................................5

*Jones v. Am. Gen. Life & Accident Ins. Co.,*
 213 F.R.D. 689 (S.D. Ga. 2002) ..........................................................18

*Kassman v. KPMG LLP,*
 416 F. Supp. 3d 252 (S.D.N.Y. 2018)..................................................17

*Kaye v. Grossman,*
 202 F.3d 611 (2d Cir. 2000)................................................................13

*Kinsella v. Powerguard Specialty Ins. Servs., LLC,*
 112 A.D.3d 414 (1st Dep't 2013) ........................................................11

*Kramsky v. Chetrit Grp., LLC,*
 No. 10-cv-2638 (HB), 2011 WL 2326920 (S.D.N.Y. June 13, 2011) ..............................13, 14

*Landtek Grp., Inc. v. N. Am. Specialty Flooring, Inc.,*
 No. 14-cv-1095 (SJF)(AKT), 2016 WL 11264722 (E.D.N.Y. Aug. 12, 2016)......................13

*Leschak v. Raiseworks, LLC,*
 No. 14-cv-8072 (FM), 2016 U.S. Dist. LEXIS 31785 (S.D.N.Y. Mar. 7, 2016) ...................14

*Maddison v. Comfort Sys. USA (Syracuse), Inc.,*
 No. 17-cv-0359 (LEK)(ATB), 2018 WL 679477 (N.D.N.Y. Feb. 1, 2018)....................16, 17

*MCI Worldcom Commc'ns, Inc. v. N. Am. Commc'ns Control, Inc.,*
 No. 98-cv-6818 (LTS), 2003 WL 21279446 (S.D.N.Y. June 4, 2003) (Swain, J.).....................................................................................................6

*Meyercord v. Curry,*
 38 A.D.3d 315 (1st Dep't 2007) ..........................................................8

**TABLE OF AUTHORITIES**

(cont'd)

Page(s)

*Mills v. Polar Molecular Corp.*,
12 F.3d 1170 (2d Cir. 1993)..................................................................................12

*Moore v. PaineWebber, Inc.*,
306 F.3d 1247 (2d Cir. 2002)................................................................................18

*Murdock-Alexander v. Tempsnow Emp't & Placement Servs., LLC*,
No. 16-cv-5182, 2016 WL 6833961 (N.D. Ill. Nov. 21, 2016) ............................16

*Nardi v. Stevens Inst. of Tech.*,
60 F. Supp. 2d 31 (E.D.N.Y. 1999) ......................................................................13

*Pasternak v. Dow Kim*,
961 F. Supp. 2d 593 (S.D.N.Y. 2013)...................................................................10

*Rather v. CBS Corp.*,
68 A.D.3d 49 (1st Dep't 2009) .............................................................................10

*Reynolds v. BLM Co., Inc.*,
No. 12-cv-1105, 2014 WL 12888364 (W.D. Ark. Mar. 17, 2014)........................19

*Rivera v. City of N.Y.*,
392 F. Supp. 2d 644 (S.D.N.Y. 2005)...................................................................15

*Rowell v. Voortman Cookies, Ltd*.,
No. 02-C-0681, 2005 WL 1026715 (N.D. Ill. Apr. 27, 2005)...............................20

*Salon Fad v. L'Oreal USA, Inc.*,
No. 10-cv-5063 (DLC), 2011 WL 4089902 (S.D.N.Y. Sept. 14, 2011)................20

*Santiago v. Merriman River Assocs., LLC*,
No. 17-cv-2054 (VAB), 2018 WL 2465358 (D. Conn. June 1, 2018) ..................17

*Sateriale v. RJ Reynolds Tobacco Co.*,
No. 09-cv-08394 (CAS), 2014 WL 7338877 (C.D. Cal. Dec. 19, 2014) ..............20

*Schlenger v. Fid. Emp'r Servs. Co., LLC*,
785 F. Supp. 2d 317 (S.D.N.Y. 2011)...................................................................12

*Sell v. Hertz Corp*.,
746 F. Supp. 2d 1206 (D. Utah 2010)...................................................................13

*Shaoxing Daqin Imp. & Exp. Co. v. Notations, Inc.*,
No. 19-cv-2732 (JSR), 2019 WL 6498397 (S.D.N.Y. Dec. 3, 2019).....................8

*Shields v. Citytrust Bancorp, Inc.*,
25 F.3d 1124 (2d Cir. 1994)....................................................................................7

**TABLE OF AUTHORITIES**
(cont'd)

**Page(s)**

*Simpson v. Carolina Builders Corp.*,
No. 03-cv-0758 (HTW), 2005 WL 8157403 (N.D. Ga. Mar. 15, 2005) ...............................13

*Smalley v. Dreyfus Corp.*,
10 N.Y.3d 55 (2008) .................................................................................................................11

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ...................................................................................................19

*Stillman v. Townsend*,
No. 05-cv-6612 (WHP), 2006 WL 2067035 (S.D.N.Y. July 26, 2006) ...................................15

*Thompson v. Cmty. Ins. Co.*,
213 F.R.D. 284 (S.D. Ohio 2002) .............................................................................................20

*Walney v. SWEPI LP*,
No. 13-cv-102, 2015 WL 5333541 (W.D. Pa. Sept. 14, 2015)................................................19

*Wexler v. Allegion (UK) Ltd.*,
No. 16-cv-2252 (ER), 2018 WL 1626346 (S.D.N.Y. Mar. 30, 2018) .......................................7

*Wride v. Wells Fargo Bank, N.A.*,
No. 14-cv-00451 (PMW), 2015 WL 5555735 (D. Utah Sept. 18, 2015) ...................................6

*Wurtsbaugh v. Banc of America Securities LLC*,
No. 05-cv-6220 (DLC), 2006 WL 1683416 (S.D.N.Y. June 20, 2006) ................................8, 9

*Yarger v. ING Bank, FSB*,
285 F.R.D. 308 (D. Del. 2012) ...............................................................................................20

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ...................................................................................5, 7, 8, 11, 12

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 2, 4, 5

Fed. R. Civ. P. 23 .......................................................................................................1, 16, 17

Defendant Mike Bloomberg 2020, Inc. ("Defendant" or the "Campaign") respectfully moves this Court for an Order dismissing with prejudice all of the claims asserted in the Complaint (Dkt. 1) ("Complaint" or "Compl."), pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, striking the class allegations, pursuant to Fed. R. Civ. P. 23(d)(1)(D).

## PRELIMINARY STATEMENT

Plaintiffs were employed as field organizers for the Campaign beginning in January 2020. In connection with the commencement of their employment, Plaintiffs signed offer letters and were provided with an employee handbook for which they signed an acknowledgment form.  All of the foregoing specifically stated that Plaintiffs' employment was "at will" and could be terminated "at any time."  These documents also made clear that no statement varying the at-will nature of Plaintiffs' employment would be effective unless set forth in a signed writing from an authorized representative of the Campaign.  A few weeks after Mr. Bloomberg withdrew from the race in March 2020, the Campaign terminated Plaintiffs' employment.

Plaintiffs now allege—notwithstanding their express acknowledgment of their at-will status—that they were "promised" continued employment through the general election in November 2020 regardless of whether Mr. Bloomberg won the Democratic nomination.  The Complaint asserts two common law claims, one for fraudulent inducement and one for promissory estoppel.  Plaintiffs' claims are barred as a matter of law and should be dismissed in full for several independent reasons.

Plaintiffs' fraudulent inducement claim fails because Plaintiffs do not satisfy any of the requisite elements for such a claim: (i) they do not allege any material representation of any present facts, and instead rely only on purported future promises of continued employment, which are not cognizable; (ii) they do not allege any specific facts giving rise to a strong inference of fraudulent

intent; (iii) they cannot establish reasonable reliance given the at-will nature of their employment; and (iv) they do not allege any non-speculative injuries. The Complaint also fails to satisfy the heightened pleading standard for fraud claims, which requires Plaintiffs to state with particularity the circumstances constituting fraud.

Plaintiffs' promissory estoppel claim is equally meritless. As a threshold matter, New York does not recognize promissory estoppel in the employment context. Moreover, the Complaint does not satisfy the essential elements of reasonable reliance or an unconscionable injury.

Finally, in the unlikely event that the Complaint survives this motion to dismiss, which it should not, Plaintiffs' class allegations should be stricken because it is clear from the face of the Complaint that Plaintiffs' claims are highly individualized and not suitable for class treatment.

For these reasons, and as discussed more fully below, the Complaint should be dismissed in its entirety and the class allegations should be stricken.

## STATEMENT OF RELEVANT FACTS ALLEGED

Michael Bloomberg announced his candidacy for President of the United States on November 24, 2019. (Compl. ¶ 12.)[1] Plaintiffs were hired as field organizers for the Campaign in January 2020. (*Id.* ¶¶ 4-6.) As plaintiffs acknowledge in their Complaint, when they started work on the Campaign each of them signed an offer letter in which they acknowledged and agreed to the terms of their employment (the "Offer Letters"). (*Id.* ¶ 21.)[2] The Offer Letters made clear

---

[1] A copy of the Complaint is annexed as Exhibit 1 to the accompanying Declaration of Elise M. Bloom, Esq. ("Bloom Declaration" or "Bloom Decl."). For purposes of this motion, Defendant assumes the truth of any well-pled factual allegations contained in the Complaint, but not any conclusory allegations or legal conclusions contained therein. While assuming the truth of such allegations for the purposes of this motion only, Defendant otherwise unequivocally denies and will vigorously contest Plaintiffs' allegations should this case not be dismissed on the instant motion.

[2] Copies of the Offer Letters signed by each of the Plaintiffs are attached as Exhibits A – C to the accompanying Declaration of Katherine Sayers (the "Sayers Declaration" or "Sayers Decl."). The Court may consider the Offer Letters in conjunction with this Rule 12(b)(6) motion to dismiss because Plaintiffs explicitly refer to and rely upon the Offer Letters in the Complaint. (Compl. ¶ 21.) *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

that Plaintiffs would be "at-will" employees, providing in pertinent part:

> The nature of your employment at the [Bloomberg Campaign] is and will continue to be **"at will,"** as defined by applicable law, meaning that either we or you **may terminate your employment at any time**, with or without notice and with or without cause, for any reason or for no reason.  (*Id.*; Sayers Decl., Exs. A – C at p. 1, emphasis added.)

The Offer Letters also contained the following express provision making clear that any changes to the terms and conditions of Plaintiffs' employment must be in a signed writing (the "No-Oral-Modification Clause"):

> No statement varying any of the terms of this offer letter shall be enforceable unless set forth in a writing signed by a duly authorized officer of the Organization.  (*Id.* at p. 2.)

The at-will nature of Plaintiffs' employment and the fact that no representative of the Campaign could enter into any oral agreement to alter their at-will status was reiterated in the Campaign's employee handbook (the "Employee Handbook") and in a Confidentiality, Non-Interference and Invention Assignment Agreement attached to the Offer Letters (the "Confidentiality Agreements").  Specifically, the Employee Handbook provides as follows:

> **Employment Is At Will**
>
> Your employment with the Organization is **"at will,"** which means that it is **for no definite period of time, and may be terminated at any time** by either you or the Organization, with or without cause, notice or procedural requirements. Neither this Employee Handbook, nor any other Organization policy, procedure or communication, shall impose any express or implied contractual obligations on the Organization or create or grant any right to or guarantee of employment for any period. **No representative of the Organization may enter into any oral agreement to alter your at-will status or otherwise create a contractual obligation to you**. In addition, no contractual relationship, or alteration of an employee's at-will status, shall arise except to the extent explicitly set forth in a writing signed by the Organization's Treasurer or, in the absence of one, its senior-most officer (and provided further that the other requisites to a binding contractual obligation shall have been satisfied).

(Sayers Decl., Exs. D – F at p. 5, emphasis added.)[3]   Each of the Plaintiffs signed an acknowledgement form acknowledging that they had received and read the Employee Handbook, and again affirming that they understood that "absent an executed employment contract that says otherwise, either I or [the Campaign] can terminate the at-will employment relationship at any time, for any reason." (*Id.* at 30.)

The Confidentiality Agreements similarly reiterate these points:

> Entire Agreement.    This Agreement sets forth the entire agreement and understanding between the Organization and me relating to the subject matter herein and merges all prior discussions between us.  No modification or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing signed by the party to be charged. (Sayers Decl., Exs. A – C at p. 7.)

> No Right of Continued Employment.   I acknowledge and agree that nothing contained herein shall be construed as granting me any right to continued employment by the Organization, and ***the right of the Organization to terminate my employment at any time and for any reason***, with or without cause, is specifically reserved.  (*Id.*, emphasis added.)

In early March 2020, the Campaign announced that Mr. Bloomberg would no longer seek the Democratic nomination.  (Compl. ¶ 22.)  Later that month, the Campaign terminated Plaintiffs' employment.  (*Id.* ¶¶ 4-6.)

The Complaint, which is styled as a putative class action, alleges common law claims for

---

[3] Copies of the Employee Handbook, and Plaintiffs' signed acknowledgement forms, are attached as Exhibits D – F to the Sayers Declaration.  The Court may consider the Employee Handbook in conjunction with this Rule 12(b)(6) motion to dismiss because Plaintiffs explicitly refer to the Bloomberg Campaign's employment at-will policy memorialized in the Employee Handbook (*see* Compl. ¶ 21), and their claims arise entirely from their employment relationship with the Bloomberg Campaign.  *See Chambers*, 282 F.3d at 152; *see also Hamzaraj v. ABM Janitorial Ne. Inc.*, No. 15-cv-2030 (ER), 2016 WL 3571387, at *1 n.2 (S.D.N.Y. June 27, 2016) (collective bargaining agreement that was "neither attached to nor incorporated by explicit reference into the Complaint" could still be considered on a motion to dismiss because plaintiff's "complaint is based entirely on his employment relationship with [Defendant], of which the CBA is an integral part"); *Berman v. Neo@Ogilvy LLC*, No. 14-cv-00523 (GHW)(SN), 2014 WL 6865718, at *4 (S.D.N.Y. Aug. 15, 2014) ("Given that the Complaint references the codes and policies [in the employee handbook] and two of Berman's claims 'rel[y] heavily upon [the handbook's] terms and effect, ... the document [is] integral to the complaint,' and the Court will consider it on the motion to dismiss.") (quoting *Chambers*, 282 F.3d at 153).

fraudulent inducement and promissory estoppel premised on Plaintiffs' allegation that they and other field staff were promised employment through the November 2020 general election. (*Id.* ¶¶ 49-57.)  Plaintiffs bring this action on behalf of themselves and "more than 2,000 members" of a putative class consisting of all field staff who were terminated by the Campaign in March 2020. (*Id.* ¶¶ 35-36.)

## LEGAL ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To avoid dismissal, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557.

## I.      PLAINTIFFS FAIL TO STATE A CLAIM OF FRAUDULENT INDUCEMENT.

Plaintiffs' fraudulent inducement claim fails as a matter of law because the Complaint fails to allege the requisite elements of such a claim.  The Complaint also fails to satisfy the heightened pleading standard applicable to fraud claims under Fed. R. Civ. P. 9(b).

### A.      PLAINTIFFS' FRAUDULENT INDUCEMENT CLAIM FAILS ON THE MERITS.

To state a claim for fraudulent inducement under New York law, a plaintiff must allege "(i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation by [the plaintiff]; and (iv) resulting damages." *Ipcon*

*Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 62 (2d Cir. 2012).[4]   Plaintiffs'

allegations do not satisfy any of these elements.

### 1.   *Plaintiffs Do Not Allege A Misrepresentation of Present Fact.*

A fraudulent inducement claim requires a "misrepresentation of a present, material existing

fact." *MCI Worldcom Commc'ns, Inc. v. N. Am. Commc'ns Control, Inc.*, No. 98-cv-6818 (LTS),

2003 WL 21279446, at *10 (S.D.N.Y. June 4, 2003) (granting motion to dismiss fraudulent

inducement claim where plaintiffs failed to allege a misrepresentation of a present fact) (Swain,

J.); *see also Downey v. Adloox Inc.*, 238 F. Supp. 3d 514, 525 (S.D.N.Y. 2017) ("the false

representation must be one 'of present fact' rather than a future promise, [] because breach of a

future promise sounds in contract").   Consistent with that rule, and as dispositive here, "'claims of

fraudulent inducement based on future promises of continued employment in an at-will

employment context are not cognizable' under New York law." *Id.*; *see also Deluca v. Bank of

Tokyo-Mitsubishi UFJ, Ltd.*, No. 06-cv-5474 (JGK), 2008 WL 857492, at *16 (S.D.N.Y. Mar. 31,

2008) (same); *Brady v. Calyon Sec. (USA)*, 406 F. Supp. 2d 307, 316 (S.D.N.Y. 2005) (same).

In support of their fraudulent inducement claim, Plaintiffs allege that they were promised

that they would be employed by the Campaign through November 2020 to work both on the

primary election and on the general election, regardless of whether Mr. Bloomberg won the

Democratic nomination.   (*See* Compl. ¶¶ 11-19, 49.)   Because the alleged misrepresentations

---

[4] New York law governs Plaintiffs' claims under the choice-of-law clause in the Confidentiality Agreements attached to the Offer Letters.  (Sayers Decl., Exs. A – C at p. 7.)  *See AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 132 (2d Cir. 2018) ("Under New York law, 'courts will generally enforce choice-of-law clauses'") (citing *Ministers & Missionaries Benefit Bd. v. Snow*, 26 N.Y.3d 466, 470 (2015)).  Moreover, to the extent that Plaintiffs worked in other states (Georgia, Washington and Utah—*see* Compl. ¶¶ 4-6), there is no conflict between the substantive laws of those states and New York regarding the elements of a fraudulent inducement claim.  *See Dow v. Cradlepoint, Inc.*, No. 16-cv-3341 (CC), 2017 WL 10562980, at *9 (N.D. Ga. June 13, 2017) (Georgia law); *FMC Techs., Inc. v. Edwards*, 464 F. Supp. 2d 1063, 1066 (W.D. Wash. 2006) (Washington law); *Wride v. Wells Fargo Bank, N.A.*, No. 14-cv-00451 (PMW), 2015 WL 5555735, at *4 (D. Utah Sept. 18, 2015) (Utah law).  Accordingly, because there is no substantive conflict of law, "New York dispenses with the choice-of-law analysis." *Dhir v. Carlyle Grp. Emp. Co.*, No. 16-cv-06378 (RJS), 2017 WL 4402566, at *4 (S.D.N.Y. Sept. 29, 2017) (citation omitted).

described in the Complaint concern a purported *future* promise of continued employment, and do not concern any present existing facts, Plaintiffs cannot establish the first element of a fraudulent inducement claim.  That failure alone requires dismissal of the claim.

### 2.     *Plaintiffs Do Not Allege An Intent to Deceive.*

Under Rule 9(b)'s heightened pleading standard, Plaintiffs must "allege facts giving rise to a *strong inference* of fraudulent intent."  *Cloke-Browne v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, No. 10-cv-2249 (LTS), 2011 WL 666187, at *5 (S.D.N.Y. Feb. 9, 2011) (Swain, J.) (emphasis added) (granting motion to dismiss fraudulent inducement claim); *see also infra* Point I.B (discussing heightened pleading standard for fraud claims).  "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *see also Wexler v. Allegion (UK) Ltd.*, No. 16-cv-2252 (ER), 2018 WL 1626346, at *7 (S.D.N.Y. Mar. 30, 2018) ("To qualify as 'strong,' an inference of fraud must be more than merely 'reasonable' or 'permissible'—it must be cogent and compelling, thus strong in light of the other explanations.") (citation omitted).

Here, Plaintiffs rely entirely on the suggestion that the Campaign's late start provided a motive to make allegedly false promises so as to speed up hiring.  (Compl. ¶ 19.)  But even if they could prove that promises were made, a need to build staff quickly does not permit a "strong inference" that the Campaign knew *at the time* that it would terminate the field staff's employment before November 2020.  To the contrary, even taking Plaintiffs' allegations as true, they are equally compatible with the opposite inference: that the Campaign made offers in good faith, and only later decided to terminate employment after considering the election results on Super Tuesday and re-assessing the best way to assist the party going forward.  *See Cloke-Browne*, 2011 WL 666187,

at *5 (granting motion to dismiss where the complaint "fail[ed] to allege facts giving rise to a strong inference of fraudulent intent"); *Deluca*, 2008 WL 857492, at *16 (granting motion to dismiss; "Beyond conclusory allegations, the plaintiff has adduced no evidence to show that Mr. Yasuda's alleged promises were false *and known to be false when made*.") (emphasis added). Thus, Plaintiffs fail to support the "strong inference" of scienter necessary to state a claim for fraud.[5]

### 3.   *Plaintiffs Cannot Establish Reasonable Reliance.*

Plaintiffs also cannot establish the essential element of reasonable reliance because "reliance on a future promise of employment by an at-will employee is *unreasonable* as a matter of law." *Downey*, 238 F. Supp. at 525 (emphasis added); *see also Deluca*, 2008 WL 857492, at *16 ("Any reliance upon a promise of future employment is unreasonable because an employee can be dismissed at any time."); *Brady*, 406 F. Supp. 2d at 17 (same); *Meyercord v. Curry*, 38 A.D.3d 315, 316 (1st Dep't 2007) (in light of at-will status, "any reliance on representations of future intentions, such as job security or future changes, would be deemed unreasonable as a matter of law"); *Berger v. Roosevelt Inv. Grp. Inc.*, 28 A.D.3d 345, 346 (1st Dep't 2006) ("plaintiff could not establish reasonable reliance on any alleged misrepresentation of defendant with respect to the length of his employment, since he was an at-will employee").

The decision in *Wurtsbaugh v. Banc of America Securities LLC*, No. 05-cv-6220 (DLC), 2006 WL 1683416 (S.D.N.Y. June 20, 2006) is instructive.  In that case, the plaintiff alleged—

---

[5] The only other allegation in the Complaint regarding the Campaign's motive to deceive is the entirely conclusory allegation, based upon "information and belief," that the alleged representations were "known to the defendant as false at the time they were made."  (Compl. ¶ 51.)  This is precisely the type of circular, conclusory allegation of scienter that Rule 9(b) precludes.  *See Shaoxing Daqin Imp. & Exp. Co. v. Notations, Inc.*, No. 19-cv-2732 (JSR), 2019 WL 6498397, at *6 (S.D.N.Y. Dec. 3, 2019) ("[M]ere failure of promised performance has never permitted a factual finding that defendants never intended to perform.") (citation omitted).

just like Plaintiffs allege here with respect to some unidentified members of the putative class[6]—that he was told that his "classification as an at-will employee was merely a formality and that his employment [] would not be at jeopardy during the term of the Agreement." *Id.*, at *7. The Court granted the defendant's motion to dismiss the fraudulent inducement claim, holding that because "[Plaintiff]'s employment contract defined his status as that of an at-will employee[,] [a]ny reliance on oral representations about the term of his employment was therefore unreasonable under New York law." *Id.*

So too here. Because Plaintiffs acknowledged and agreed in the Offer Letters that their employment was "at will" and could be terminated "at any time, with or without notice and with or without cause, for any reason or for no reason" (Sayers Decl., Exs. A – C at p. 1), and reiterated this understanding when they acknowledged the Employee Handbook (*id.*, Exs. D – F at p. 5), any reliance on an alleged promise of continued employment through the general election in November 2020 was unreasonable as a matter of law.

### 4. *Plaintiffs Do Not Allege Any Non-Speculative Injury.*

Plaintiffs' fraudulent inducement claims also fails because they do not allege a legally cognizable injury. In order to establish the damages element of a fraudulent inducement claim, Plaintiffs must satisfy the "out-of-pocket" rule, which provides that "[d]amages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained." *Connaughton v. Chipotle Mexican Grill, Inc.*, 29 N.Y.3d 137, 142 (2017) (citing *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996)). Under this rule, a plaintiff must "plead that he had something of value, was defrauded by [defendant] into

---

[6] The Complaint alleges that "[i]n at least some cases, representatives of [the Bloomberg Campaign] made false or misleading statements *to members of the putative class*" about the reason for the inclusion of the at-will language in the Offer Letters, but does not allege that any of these purported statements were made to any of the *Plaintiffs*. (*See* Compl. ¶ 21) (emphasis added).

9

relinquishing it for something of lesser value, and that the difference between the two constituted [plaintiff]'s pecuniary loss." *Rather v. CBS Corp.*, 68 A.D.3d 49, 58 (1st Dep't 2009). The "out-of-pocket" rule "has been widely applied to fraudulent inducement claims in the employment context to preclude expectation damages, *i.e.*, the type of income [plaintiff] claims he would have earned had he accepted alternative employment with [another employer]." *Pasternak v. Dow Kim*, 961 F. Supp. 2d 593, 596 (S.D.N.Y. 2013).

Here, Plaintiffs do not allege that they were employed elsewhere or that they otherwise relinquished "something of value" when they accepted employment with the Campaign. To the contrary, Alexis Sklair alleges that she joined the Campaign from Cory Booker's presidential campaign after Senator Booker dropped out of the race. (Compl. ¶ 8.) Sterling Rettke alleges that he had recently graduated from college and was planning to apply to law school when he joined the Campaign. (*Id.* ¶ 9.) Nathaniel Brown alleges that he joined the Campaign from Kamala Harris's presidential campaign after Senator Harris dropped out of the race. (*Id.* ¶ 10.)

To the extent Plaintiffs allege that they "forewent other work opportunities or educational plans" to join the Campaign (Compl. ¶ 33), any purported damages arising from those purported forgone opportunities are too undeterminable and speculative as a matter of law to support a fraudulent inducement claim. *See Rather*, 68 A.D.3d at 58 (rejecting plaintiff's "claim that, but for [defendant's] fraud, he could have had more remunerative employment"); *Hoeffner v. Orrick, Herrington & Sutcliffe LLP*, 61 A.D.3d 614, 615 (1st Dep't 2009) (plaintiff's "damages may not include any amount based on continued employment with the other firm, since the duration and success of his career with that firm are speculative"); *Geary v. Hunton & Williams*, 257 A.D.2d 482, 482 (1st Dep't 1999) (holding that out-of-pocket rule "bars recovery of profits that would have been realized in the absence of fraud, including the loss of an alternative bargain overlooked

in favor of the fraudulent one, as inherently speculative and undeterminable").[7]

### B.    THE COMPLAINT FAILS TO SATISFY THE HEIGHTENED PLEADING STANDARD FOR FRAUD CLAIMS.

Plaintiffs' fraudulent inducement claim must also be dismissed because the Complaint fails to satisfy the heightened pleading standards applicable to fraud claims under Fed. R. Civ. P. 9(b). Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud ...." Fed. R. Civ. P. 9(b). To satisfy that standard, a complaint must "allege facts giving rise to a *strong inference* of fraudulent intent." *Cloke-Browne*, 2011 WL 666187, at *5 (emphasis added). More specifically, it "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.*; *see also Eternity Global Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (same). "Failure to satisfy the Rule 9(b) standard is grounds for dismissal." *Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315, 320 (S.D.N.Y. 2012) (citing *Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010)).

Here, the Complaint fails altogether to identify *who* made the allegedly false statements to each of the Plaintiffs, *when* or *where* such statements were purportedly made, or any specific facts whatsoever to suggest fraudulent intent. *See supra* Point I.A.2. Such failures are fatal to Plaintiffs' fraudulent inducement claim. *See, e.g.*, *Cloke-Browne*, 2011 WL 666187, at *5 (granting motion to dismiss fraudulent inducement claim where the complaint only identified the speakers but "proffer[ed] no specification of time and place as to any of the alleged statements" and failed "to allege facts giving rise to a strong inference of fraudulent intent"); *Cohen v. Avanade, Inc.*, 874 F.

---

[7] Similarly, to the extent the Complaint can be construed as seeking lost wages and benefits due to the termination of Plaintiffs' at-will employment, such damages are not recoverable in connection with their fraudulent inducement claim. *See, e.g.*, *Smalley v. Dreyfus Corp.*, 10 N.Y.3d 55, 59 (2008); *Kinsella v. Powerguard Specialty Ins. Servs., LLC*, 112 A.D.3d 414, 415 (1st Dep't 2013).

Supp. 2d 315, 324 (S.D.N.Y. 2012) (granting motion to dismiss fraudulent inducement claim where the complaint gave "only a general description of the statements that [plaintiff] contends were fraudulent and fail[ed] altogether to identify 'where and when the statements were made'"); *Schlenger v. Fid. Emp'r Servs. Co., LLC*, 785 F. Supp. 2d 317, 352 (S.D.N.Y. 2011) ("Plaintiff's failure to name individuals, identify detailed statements, or identify particular dates makes clear that as pleaded this claim lacks the specificity required by Rule 9.").[8]

## II.    PLAINTIFFS FAIL TO STATE A CLAIM OF PROMISSORY ESTOPPEL.

Plaintiffs' promissory estoppel claim similarly fails as a matter of law for at least two independent reasons.  *First*, promissory estoppel is not recognized in the employment context. *Second*, Plaintiffs fail to allege the requisite elements of a promissory estoppel claim.

### A.    PROMISSORY ESTOPPEL IS NOT RECOGNIZED IN THE EMPLOYMENT CONTEXT.

Plaintiffs' promissory estoppel claim fails at the very outset because it is well settled that "New York law does not recognize promissory estoppel in the employment context."  *Bessemer Tr. Co. v. Branin*, 498 F. Supp. 2d 632, 639 (S.D.N.Y. 2007), *aff'd*, 618 F.3d 76 (2d Cir. 2010); *see also Andrews v. Sotheby Int'l Realty, Inc.*, No. 12-cv-8824 (RA), 2014 WL 626968, at \*10 (S.D.N.Y. Feb. 18, 2014), *aff'd*, 586 F. App'x 76 (2d Cir. 2014) (granting motion to dismiss on this basis); *Allison v. Clos-ette Too, LLC*, No. 14-cv-1618 (LAK)(JCF), 2014 WL 4996358, at \*9 (S.D.N.Y. Sept. 15, 2014), *report and recommendation adopted*, 2014 WL 5002099 (S.D.N.Y.

---

[8] To the extent that Plaintiffs allege generally that "hiring managers" and the "Bloomberg campaign" made the purportedly false statements to Plaintiffs (*see* Compl. ¶¶ 13-15, 17, 19), Plaintiffs have failed to "identify the speakers."  *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"); *Schlenger*, 785 F. Supp. 2d at 352 (allegations that statements were made by "[company] representatives" were too general).  Moreover, Plaintiffs' reference to a vague statement attributed to Mr. Bloomberg in a March 10, 2020 New York Times article that "he planned to keep his 'main field offices' open, regardless of the results on Super Tuesday," Compl. ¶ 18, is irrelevant to their fraudulent inducement claim, as this purported statement—which on its face says nothing about continuing to employ all field organizers in the states in which Plaintiffs worked—was made approximately two months *after* Plaintiffs were purportedly induced to join the Campaign in January 2020.

Oct. 7, 2014) (same).  Accordingly, Plaintiffs' promissory estoppel claim "must be dismissed without further analysis."  *Kramsky v. Chetrit Grp., LLC*, No. 10-cv-2638 (HB), 2011 WL 2326920, at *4 (S.D.N.Y. June 13, 2011).

### B.   PLAINTIFFS' PROMISSORY ESTOPPEL CLAIM FAILS ON THE MERITS.

Even if New York law recognized promissory estoppel in the employment context, which it does not, dismissal of Plaintiffs' promissory estoppel claim would still be mandated because the Complaint fails to state a cognizable claim for promissory estoppel.  To state a claim for promissory estoppel under New York law, a plaintiff must allege "1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance."  *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).  "[P]romissory estoppel is a narrow doctrine typically applied only when the plaintiff has suffered an 'unconscionable injury' or when 'necessary to avoid injustice.'"  *Dhir v. Carlyle Grp. Emp. Co.*, No. 16-cv-06378 (RJS), 2017 WL 4402566, at *9 (S.D.N.Y. Sept. 29, 2017) (citation omitted).[9]  Plaintiffs' allegations are palpably insufficient to satisfy the second or third elements of a promissory estoppel claim.[10]

---

[9]As with Plaintiffs' fraudulent inducement claim, *see* n.4, *supra*, there is no conflict between the substantive laws of Georgia, Washington and Utah, on the one hand, and New York, on the other, with respect to the elements of a promissory estoppel claim.  *See Simpson v. Carolina Builders Corp.*, No. 03-cv-0758 (HTW), 2005 WL 8157403, at *5 (N.D. Ga. Mar. 15, 2005) (Georgia law); *Graham v. Cingular Wireless LLC*, No. C05-1810JLR, 2007 WL 30871, at *11 (W.D. Wash. Jan. 4, 2007) (Washington law); *Sell v. Hertz Corp.*, 746 F. Supp. 2d 1206, 1212 (D. Utah 2010) (Utah law).

[10] To the extent that Plaintiffs rely on generalized statements reported in the press regarding the Campaign's purported expectation that activities would continue through the general election in November 2020, *see* Compl. ¶¶ 17-18, none of those statements constitute a "clear and unambiguous promise" that any particular individual would be guaranteed to be part of that effort.  *See Bd. of Trustees ex rel. Gen. Ret. Sys. of Detroit v. BNY Mellon, N.A.*, No. 11-cv-6345 (RJS), 2012 WL 3930112, at *6 (S.D.N.Y. Sept. 10, 2012) ("A promise that is too vague or too indefinite is not actionable under a theory of promissory estoppel."); *Landtek Grp., Inc. v. N. Am. Specialty Flooring, Inc.*, No. 14-cv-1095 (SJF)(AKT), 2016 WL 11264722, at *39 (E.D.N.Y. Aug. 12, 2016) (dismissing promissory estoppel claim where plaintiff "fail[ed] to point to any specific statements … that could be construed as the type of explicit promise necessary to support a promissory estoppel claim"); *Nardi v. Stevens Inst. of Tech.*, 60 F. Supp. 2d 31, 41 (E.D.N.Y. 1999) (finding that oral promises that plaintiff "would continue to remain employed at Stevens for as long as he

1.      ***Plaintiffs Cannot Establish Reasonable Reliance.***

As discussed above in the context of Plaintiffs' fraudulent inducement claim, the Complaint fails to allege reasonable reliance.  *See supra* Point I.A.3.  Because Plaintiffs were at-will employees who expressly acknowledged and agreed in the Offer Letters that their employment could be terminated at any time, and who had no way of knowing whether their performance would meet the Campaign's standards, they could not, as a matter of law, "reasonably" have relied on an alleged promise of continued employment.  *See Leschak v. Raiseworks, LLC*, No. 14-cv-8072 (FM), 2016 U.S. Dist. LEXIS 31785, at *23-24 (S.D.N.Y. Mar. 7, 2016) ("[A] plaintiff ordinarily may not bring a promissory estoppel claim in the employment context … because at-will employment arrangements 'render[] any reliance on a representation of continuous employment unreasonable' … as a matter of law."); *Kramsky*, 2011 WL 2326920, at *4 (same).

2.      ***Plaintiffs Cannot Establish An Unconscionable Injury.***

Plaintiffs' allegations also fail to satisfy the third element of promissory estoppel, which requires Plaintiffs to allege a missed opportunity "so valuable that injury of unconscionable proportions would flow from the failure to enforce the oral contract."  *Baguer v. Spanish Broad. Sys., Inc.*, No. 04-cv-8393 (KMK), 2007 WL 2780390, at *6 (S.D.N.Y. Sept. 20, 2007) (citation omitted).

Here, Plaintiffs' allege that they suffered damages because they relocated and "left their jobs to accept positions as field staff for Mike Bloomberg 2020 and/or did not pursue other offers of employment or postponed educational opportunities in order to accept such positions as field staff."  (Compl. ¶ 55.)  More specifically, Alexis Sklair alleges that she relocated from South

---

obtained funding to support his research" were "less than clear in their articulation of the terms and conditions of plaintiff's employment," foreclosing plaintiff's claim based on promissory estoppel).

Carolina to Georgia and that she declined offers to work for a state senate campaign and for another presidential campaign. (Compl. ¶¶ 8, 28.) Sterling Rettke alleges that he decided to postpone applying for law school. (*Id.* ¶¶ 9, 28.) Nathaniel Brown alleges that he relocated from Nevada to Utah and "dropped out of the advanced stages of the hiring process for a job as an organizer with the Democratic Congressional Campaign Committee." (*Id.* ¶¶ 10, 28.)

These allegations, even if credited as true for purposes of this motion, do not establish an unconscionable injury. "It is well-settled that 'change of job or residence, by itself, is insufficient to trigger invocation of the promissory estoppel doctrine.'" *Stillman v. Townsend*, No. 05-cv-6612 (WHP), 2006 WL 2067035, at *5 (S.D.N.Y. July 26, 2006) (granting motion to dismiss); *see also Rivera v. City of N.Y.*, 392 F. Supp. 2d 644, 657 (S.D.N.Y. 2005) (same); *Fishoff v. Coty Inc.*, 676 F. Supp. 2d 209, 219 (S.D.N.Y. 2009), *aff'd*, 634 F.3d 647 (2d Cir. 2011) (granting motion to dismiss; "Under New York law, the failure to switch employers does not create a promissory estoppel claim unless the plaintiff can show that unconscionable injury would result absent enforcement of the defendant's promise."); *George v. Thomas*, No. 19-cv-3020 (DLI)(PK), 2020 WL 1643486, at *3 (E.D.N.Y. Mar. 31, 2020) (granting motion to dismiss promissory estoppel claim premised on allegation that defendant persuaded plaintiff to close his business and move to the United States from Singapore causing hundreds of thousands of dollars in damages due to lost income he otherwise would have earned, holding that "[c]ourts routinely have held that these types of injuries do not qualify as unconscionable"); *Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 176 (1st Dep't 1987) (affirming order granting motion to dismiss; "The fact that defendant promised plaintiff employment at a certain salary with certain other benefits, which induced him to leave his former job and forego the possibility of other employment in order to remain with defendant, does not create a cause of action for promissory estoppel.").

*  *  *

In sum, Plaintiffs have failed to state a legally cognizable claim of promissory estoppel.

## III.   PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN.

As set forth above, the Complaint should be dismissed in its entirety because Plaintiffs do not and cannot state a claim of fraudulent inducement or promissory estoppel.  However, in the unlikely event that the Complaint survives this motion to dismiss, which it should not, Plaintiffs' class allegations should be stricken because Plaintiffs' allegations are highly individualized and not suitable for class treatment.

### A.   THE COURT MAY STRIKE CLASS ALLEGATIONS AT THE PLEADING STAGE.

Rule 23, the rule governing class actions, authorizes the Court to strike class allegations. *See* Fed. R. Civ. P. 23(d)(1)(D) ("In conducting an action under this rule, the court may issue orders that [] require that the pleadings be amended to eliminate allegations about representation of absent persons.").  "Although class certification typically occurs at a later stage of the proceedings, [a] motion to strike class allegations is procedurally permissible at the pleading stage." *Davis v. Navient Corp.*, No. 17-cv-00992 (LJV)(JJM), 2018 WL 1603871, at *4 (W.D.N.Y. Mar. 12, 2018), *report and recommendation adopted*, 2019 WL 360173 (W.D.N.Y. Jan. 29, 2019) (internal quotations omitted) (granting motion to strike class allegations); *see also Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No. 17-cv-0359 (LEK)(ATB), 2018 WL 679477, at *7 (N.D.N.Y. Feb. 1, 2018) ("A defendant may move to strike class claims before a plaintiff moves to certify the class."); *Murdock-Alexander v. Tempsnow Emp't & Placement Servs., LLC*, No. 16-cv-5182, 2016 WL 6833961, at *3 (N.D. Ill. Nov. 21, 2016) ("The interplay of Rules 12(f), 23(c)(1)(A), and 23(d)(1)(D) empowers the Court to dismiss or strike class allegations at the pleading stage.").

The Campaign recognizes that, ordinarily, motions to strike class allegations are disfavored

as premature where a plaintiff has not had an opportunity to conduct discovery. *Maddison*, 2018 WL 679477, at *7. But where, as here, "from the face of the complaint … it would be impossible to certify the alleged class regardless of the facts the plaintiffs may be able to obtain during discovery," courts may strike class allegations. *Id.* (internal citations and alterations omitted); *see also Santiago v. Merriman River Assocs., LLC*, No. 17-cv-2054 (VAB), 2018 WL 2465358, at *7 (D. Conn. June 1, 2018) ("A court may … exercise its discretion to strike parts of a class allegation at the motion-to-dismiss stage if those claims could not be maintained as a matter of law.").

### B. THE HIGHLY INDIVIDUALIZED INQUIRIES NECESSARY TO PROVE PLAINTIFFS' CLAIMS PRECLUDE CLASS TREATMENT.

Rule 23(a) contains four requirements for class certification: numerosity, commonality, typicality and adequacy. With regard to the commonality requirement, Rule 23(a)(2) requires that Plaintiffs' alleged common law claims are capable of being resolved class-wide "in one stroke." *Kassman v. KPMG LLP*, 416 F. Supp. 3d 252, 274 (S.D.N.Y. 2018) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)). In addition to the requirements for certification in Rule 23(a), Plaintiffs must also satisfy the requirements of Rule 23(b)(1), (2), or (3). Here, Plaintiffs only seek to certify their putative class claims under Rule 23(b)(3). (*See* Compl. ¶¶ 45-48.) Class certification thus is only proper if Plaintiffs meet their burden to show not only that common questions will predominate over the individual questions raised by each putative class member's claims, but also that class treatment is superior to individual litigation. Fed. R. Civ. P. 23(b)(3). The Supreme Court and the Second Circuit have cautioned that Rule 23(b)(3)'s predominance requirement is "far more demanding" than Rule 23(a)'s commonality requirement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997); *In re Petrobras Sec.*, 862 F.3d 250, 270 (2d Cir. 2017).

Here, Plaintiffs' class allegations cannot satisfy Rules 23(a) and 23(b) because proving

each of the elements of Plaintiffs' fraudulent inducement and promissory estoppel claims would require highly individualized inquiries.

        **1.**     ***Plaintiffs' Claims Require Individualized Inquiries Into The Substance Of Their Communications With The Campaign.***

As an initial matter, proving that the Campaign made material misrepresentations of present fact (the first element of Plaintiffs' fraudulent inducement claim, *see supra* Point I.A.1), or a clear and unambiguous promise (the first element of Plaintiffs' promissory estoppel claim, *see supra* Point II.B), would require inquiries into each putative class member's individualized communications with the Campaign. *See Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1253 (2d Cir. 2002) (affirming denial of plaintiffs' class certification motion; "to recover for a defendant's fraudulent conduct, even if that fraud is the result of a common course of conduct, each plaintiff must prove that he or she personally received a material misrepresentation"); *Davis*, 2018 WL 1603871, at *7 (granting motion to strike class allegations in part due to need for individualized analysis of the putative class members' communications with the defendant); *Jones v. Am. Gen. Life & Accident Ins. Co.*, 213 F.R.D. 689, 702 (S.D. Ga. 2002) (denying class certification for a promissory estoppel claim because to establish a promise, "each class member would be relying on representations made to him or her and no one else").

        **2.**     ***Plaintiffs' Claims Require Individualized Inquiries Into Plaintiffs' State Of Mind.***

Even if (contrary to the actual facts) each and every putative class member had received a firm promise of guaranteed employment through November 2020, proving that Plaintiffs reasonably relied on the representations—an essential element of Plaintiffs' fraudulent inducement and promissory estoppel claims (*see supra* Points I.A.3 and II.B.1)—would require the Court to examine each putative class member's state of mind.

In *Luedke v. Delta Airlines, Inc.*, former employees of Pan Am brought promissory

estoppel and other claims against Delta Airlines premised on alleged assurances by Delta that it would provide financial assistance to Pan Am and assure continued employment with the airline as it reorganized in bankruptcy. *Luedke*, 155 B.R. 327, 328 (S.D.N.Y. 1993). Just like Plaintiffs allege here, *see* Compl. ¶ 33, the plaintiffs in *Luedke* alleged that they declined to pursue other employment opportunities and relocated in reliance on Delta's representations. *Id*. at 328-29. The court denied plaintiffs' motion for class certification, explaining that the "task of evaluating the reasonableness of each claimant's belief that he or she was promised employment and could rely on such a promise has the potential to embroil the Court in thousands of fact-finding inquiries." *Id*. at 330. Here, although the Court should conclude that any reliance by Plaintiffs on purported promises of continued employment was unreasonable as a matter of law in light of their at-will status, *see supra* Points I.A.3 and II.B.1, in the event that the Court determines that it needs to evaluate the reasonableness of each proposed class member's reliance, it could not conduct that analysis without engaging in "thousands of fact-finding inquiries." *Luedke*, 155 B.R. at 330.

For this reason, multiple other courts have similarly held that claims of promissory estoppel or fraud that include an element of reasonable reliance are not susceptible to class treatment. *See, e.g.*, *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 398 (6th Cir. 1998) (holding that "estoppel claims are typically inappropriate for class treatment" because they require individualized "proof of what statements were made to a particular person, how the person interpreted those statements, and whether the person justifiably relied on the statements to his detriment"); *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 341 (4th Cir. 1998) (recognizing that reliance element of fraud claim is not readily susceptible to class-wide proof); *Walney v. SWEPI LP*, No. 13-cv-102, 2015 WL 5333541, at *22 (W.D. Pa. Sept. 14, 2015) (holding promissory estoppel and fraud claims are not suitable for class-wide resolution in light of the individualized proof required

19

to establish reasonable reliance); *Reynolds v. BLM Co., Inc.*, No. 12-cv-1105, 2014 WL 12888364, at *3 (W.D. Ark. Mar. 17, 2014) (denying class certification motion; "Without question, claims for promissory estoppel would require the consideration of individual evidence regarding reliance, which would overwhelm any common questions of law or fact presented by class claims.").[11]

### 3. *Plaintiffs' Claims Require Individualized Inquiries Into Plaintiffs' Purported Injuries.*

Likewise, proving the "injury" element of Plaintiffs' fraudulent inducement and promissory estoppel claims would also require highly individualized inquiries into each putative class member's specific circumstances, including any other opportunities they gave up to join the Campaign. *See Salon Fad v. L'Oreal USA, Inc.*, No. 10-cv-5063 (DLC), 2011 WL 4089902, at *11 (S.D.N.Y. Sept. 14, 2011) (denying class certification because plaintiffs "failed to demonstrate that the alleged injury … is susceptible of class-wide proof"); *In re Rail Freight Fuel Surcharge Antitrust Litig.-MDL No. 1869*, 725 F.3d 244, 253 (D.C. Cir. 2013) ("When a case turns on individualized proof of injury, separate trials are in order."); *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 457 (11th Cir. 1996) (holding that fraudulent inducement claim was "not susceptible to class-wide proof" because "[e]ven if the plaintiffs are able to prove that Delta disseminated a false and uniform message to all potential retirees that no such plan was in the works at the time they made their decision to retire, they would also have to show that all members of the class would

---

[11] *See also Sateriale v. RJ Reynolds Tobacco Co.*, No. 09-cv-08394 (CAS), 2014 WL 7338877, at *12 (C.D. Cal. Dec. 19, 2014) (denying class certification for promissory estoppel claim because determining reliance requires an inquiry into each class member's state of mind and would "undermine any efficiencies that might be achieved by adjudicating this claim on a class-wide basis"); *Yarger v. ING Bank, FSB*, 285 F.R.D. 308, 328-29 (D. Del. 2012) (denying class certification for fraud and promissory estoppel claims for lack of predominance because, despite a common "promise" to all plaintiffs, "reliance will need to be proven on an individual class member basis" and analyzing reliance would "entail complicated mini-litigations focusing on the individual class members' knowledge and state of mind"); *Rowell v. Voortman Cookies, Ltd.*, No. 02-C-0681, 2005 WL 1026715, at *2 (N.D. Ill. Apr. 27, 2005) (denying class certification of promissory estoppel claims due to individual inquiries into question of reasonable reliance); *Thompson v. Cmty. Ins. Co.*, 213 F.R.D. 284, 296 n.8 (S.D. Ohio 2002) ("claims of fraud and promissory estoppel are generally inappropriate for class treatment, because of the need to provide individualized evidence of reliance").

have deferred their retirement … [which] would necessarily have been highly individualized for each potential retiree").

A recent decision in which a court in the Second Circuit granted a motion to strike class allegations is on point.  In *Davis v. Navient Corp.*, the plaintiff asserted claims against a student loan servicer on behalf of himself and a class premised on purported misrepresentations regarding his best loan repayment options.  *Davis*, 2018 WL 1603871, at *1 (W.D.N.Y. Mar. 12, 2018).  In granting the defendants' motion to strike the class allegations, the court held that "[t]he principles that render fraud claims unsuited for class certification are equally applicable here," and concluded that the lack of uniformity among the putative class members as to their alleged injuries precluded class certification.  *Id*. at *7.

The same reasoning applies here.  It is clear from the face of the Complaint that Plaintiffs' allegation that they and members of the putative class were injured when they "left or forewent other work opportunities or educational plans," Compl. ¶ 33, cannot be established though common proof.  In order to determine whether the proposed class members sustained injuries that are both non-speculative and unconscionable, *see supra* Points I.A.4 and II.B.2, the Court will have to engage in a highly-individualized inquiry regarding these specific "work opportunities" and "educational plans," which would depend on a specific, case-by-case analysis.

\* \* \*

In sum, analyzing each of the elements of Plaintiffs' fraudulent inducement and promissory estoppel claims would necessitate highly individualized inquiries that dwarf any claimed common issues of fact that could be decided for the class, making a class-wide trial unmanageable.  Accordingly, Plaintiffs' class allegations should be stricken.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should grant Defendant's motion to dismiss the Complaint in its entirety with prejudice, or, in the alternative, strike the class allegations, together with such other and further relief as the Court deems just and proper.

Dated: June 15, 2020

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*_____
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg

Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

Mark W. Batten*
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com
* *motion for pro hac vice admission pending*

VENABLE LLP

Nicholas M. Reiter
Sandy Schlesinger
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com
sschlesinger@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.