UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXIS SKLAIR, STERLING RETTKE, NATHANIEL BROWN, BRIAN GILES, JOCELYN REYNOLDS, and CARYN AUSTEN on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>MIKE BLOOMBERG 2020, INC., and MICHAEL BLOOMBERG,<br><br>        Defendants. | 20 Civ. 2495 (LTS)(GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
LIMITED MOTION TO STAY DISCOVERY**

Pursuant to this Court's June 29, 2020 Order, *see* Dkt. No. 31, Defendants Mike Bloomberg 2020, Inc. (the "Campaign") and Michael Bloomberg (together, "Defendants") respectfully move this Court for an Order staying any discovery beyond that ordered by the Court during the July 16, 2020 Initial Case Management Conference ("ICMC") for the brief period needed to resolve the Campaign's pending motion to dismiss or to strike the class claims in the *Wood* matter (the "*Wood* Motion").[1]

## INTRODUCTION

Plaintiffs were employed as field organizers for the Campaign beginning in January 2020. In connection with the commencement of their employment, Plaintiffs signed four separate acknowledgements that their employment was "at will" and could be terminated "at any time." These documents also made clear that no statement varying the at-will nature of Plaintiffs' employment would be effective unless set forth in a signed writing from an authorized representative of the Campaign. A few weeks after Mr. Bloomberg withdrew from the race in March 2020, the Campaign terminated Plaintiffs' employment.

Plaintiffs filed this action against the Campaign on March 23, 2020. *See* Dkt. No. 1. On July 6, 2020, Plaintiffs filed a First Amended Complaint ("FAC"), in which they added Michael Bloomberg as a defendant. *See* Dkt. Nos. 36, 39. The FAC, which is styled as a putative class action, alleges—notwithstanding Plaintiffs' express written acknowledgment that their employment was at-will—that they were "promised" continued employment through the general election in November 2020, and asserts common law claims for fraudulent inducement and

---

[1] Although the motion to dismiss in this case will not be fully briefed until September 21, 2020, *see* Dkt. No. 43, the *Wood* Motion will be fully briefed in less than two weeks, on July 31, 2020. *See Wood* Dkt. No. 106. Defendants only seek a limited stay of discovery in this case through resolution of the *Wood* motion. *See infra* p. 8. Should the Campaign prevail in whole or in part on the *Wood* motion while Defendants' motion in this action is pending, Defendants will seek a further stay of discovery in this matter.

promissory estoppel based on that alleged promise. Those same state law claims have been asserted in *Wood*, and (among others) are the subject of the *Wood* Motion, which will be fully briefed in less than two weeks. The Plaintiffs in this case have not asserted any FLSA or state wage-and-hour claims.

The Campaign previously filed a motion to dismiss or strike the class claims with respect to the original Complaint on June 15, 2020, after meeting and conferring with Plaintiffs in an attempt to resolve informally the matters raised in its motion. *See* Dkt. No. 20. Defendants will file a similar motion with respect to the FAC by August 3, 2020, *see* Dkt. No. 43, as the FAC only further punctuates the individualized nature of Plaintiffs' claims but does not otherwise provide substantive changes that alter the grounds for a motion to dismiss. On June 16, 2020, this Court scheduled the ICMC and directed the parties to file a proposed scheduling order in advance of the conference date. *See* Dkt. No. 24. On June 24, 2020, the Campaign filed a letter requesting a pre-motion conference to address its anticipated motion for a stay of discovery pending resolution of its motion to dismiss or strike. *See* Dkt. No. 27. By Order dated June 29, 2020, this Court waived its pre-motion conference requirement and directed the parties to agree to a briefing schedule pursuant to this Court's Individual Practices. *See* Dkt. No. 31. The Court also noted that "[w]hile there is no stay in effect pending the briefing and decision on the motion for a stay, the Court directs the parties to attempt to agree on a phased discovery schedule in an effort to postpone the most burdensome aspects of discovery." *Id*.

The parties subsequently met and conferred and reached agreement on certain aspects of a phased discovery schedule, as memorialized in the parties' proposed scheduling order. *See* Dkt. No. 44. Specifically, the parties agreed to serve initial disclosures concerning the six Named Plaintiffs by August 3, 2020 and to propound limited initial document requests and interrogatories

by August 14, 2020 ("Written Discovery").  *See id*. at ¶¶ 3(a), 4.  The Campaign also agreed to produce the following categories of non-ESI information ("Non-ESI Discovery")[2] concerning the Named Plaintiffs' hiring/onboarding with the campaign:  (i) hiring/onboarding documents; (ii) personnel files; and (iii) general employment policies and practices (including the Campaign's Employee Handbook Policies & Procedures, Code of Conduct, Confidentiality, Non-Interference and Invention Assignment Agreements, and Prevention of Coordination Policy).  *See id*. at ¶¶ 3(a)(ii), 4(b).  In addition, the Campaign agreed to produce payroll records relevant to the state wage-and-hour claims in the *Wood* case that are not subject to the pending *Wood* Motion.  *See id*. at ¶¶ 3(a)(ii), 4(b).

The Campaign objected to producing the remaining additional categories of Non-ESI Discovery sought by Plaintiffs:  (i) Campaign staff call outlines; (ii) general interview forms; (iii) talking points generated by the Campaign; (iv) documents concerning the job duties of the representative Plaintiffs; and (v) documents concerning the termination of the representative Plaintiffs' employment.  *See id*. at ¶¶ 4(a).

With respect to ESI Discovery, the parties agreed to negotiate an ESI protocol concerning the manner in which ESI will be produced.  *See id*. at ¶¶ 3(a)(ii), 4.  However, the Campaign objected to Plaintiffs' proposal to begin substantive ESI Discovery before resolution of the pending *Wood* Motion, given that the scope of such discovery may be substantially reduced depending on the outcome of that motion and the burden of conducting ESI Discovery falls disproportionately on the Campaign.[3]  *See id*. at ¶¶ 3(a)(ii).

---

[2] Although most or all of the documents comprising Non-ESI Discovery are stored electronically, the term Non-ESI Discovery is intended to distinguish documents that can be produced from the Campaign's files without applying search terms from those documents consisting of electronic communications and attachments to such communications, which are referred to herein as "ESI Discovery."

[3] Unlike the *Wood* matter, Defendants will move to dismiss all of the claims in *Sklair*.

3

On July 16, 2020, this Court held the ICMC. During that conference, the parties noted that the Campaign had agreed to produce certain categories of Non-ESI Discovery and that the parties would continue to meet and confer regarding the other categories of Non-ESI Discovery sought by Plaintiffs. The parties also confirmed that they would negotiate an ESI protocol concerning the manner in which ESI will be produced. With respect to the production of substantive ESI Discovery, counsel for the *Wood* Plaintiffs represented that the plaintiffs in that case were only seeking emails sent or received by the eight representative *Wood* Plaintiffs at this initial stage, and counsel for the *Sklair* Plaintiffs represented that the Plaintiffs in both cases have a unified discovery position. Accordingly, the *Sklair* Plaintiffs are not seeking emails beyond those sent or received by the six Named Plaintiffs at this initial stage. The Court directed that discovery proceed as proposed by Plaintiffs. Defendants now move to stay any additional discovery.

## **LEGAL ARGUMENT**

A district court has considerable discretion to stay discovery under Rule 26 for good cause pending the determination of a dispositive motion. *See, e.g., O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS)(GWG), 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018) (Gorenstein, M.J.). In determining whether to stay discovery pending a motion to dismiss, courts generally consider the following factors: (1) the strength of defendant's motion to dismiss; (2) the breadth of discovery; and (3) any prejudice that would result from a stay. *Id.; Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013) (Gorenstein, M.J.). All three factors militate in favor of a limited stay of discovery here. Because the *Wood* Motion seeks dismissal as a matter of law as to claims similar to those asserted in this action, those arguments apply equally here.

A.     THE CLAIMS SUBJECT TO THE MOTION TO DISMISS LACK MERIT.

As to the first factor, a limited stay of discovery is warranted because, as described more fully in the *Wood* Motion (*see Wood*, Dkt. No. 111), Defendants' anticipated motion presents several "substantial arguments" for dismissal of Plaintiffs' claims. *O'Sullivan*, 2018 WL 1989585, at *4. Specifically, Plaintiffs' common law claims are barred as a matter of law and should be dismissed in full for several independent reasons.

As a threshold matter, Plaintiffs' common law claims are precluded in light of Plaintiffs' acknowledged at-will status, which renders any reliance on purported promises of continued employment unreasonable as a matter of law. In addition, Plaintiffs fail to satisfy the requisite elements for the common law claims. With respect to their fraudulent inducement claim, Plaintiffs: (i) do not allege any material representation of any present facts, and instead rely only on purported future promises of continued employment, which are not cognizable; (ii) do not allege any specific facts giving rise to a strong inference of fraudulent intent; (iii) cannot establish reasonable reliance (given the at-will nature of their employment); and (iv) do not allege any non-speculative injuries. Plaintiffs' promissory estoppel claim is equally meritless because New York does not recognize promissory estoppel in the employment context, and, in any event, Plaintiffs do not satisfy the essential elements of reasonable reliance or an unconscionable injury.

The *Wood* Motion also seeks, in the alternative, to strike the class allegations under Rule 23(d)(1)(D), as will the motion to be filed in this action. In the unlikely event that Plaintiffs' claims withstand the *Wood* Motion, which they should not, Defendants will also make a strong showing that Plaintiffs' class allegations should be stricken because it is clear from the face of the Complaint that the Common Law claims are highly individualized and not suitable for class treatment. If granted, this prong of the motion would significantly narrow the scope of discovery on Plaintiffs' claims to only their individual claims, as opposed to a nationwide putative class.

5

The *Wood* Motion, and case law cited therein, therefore presents a strong showing in favor of dismissal of the claims asserted in the First Amended Complaint, and to proceed, if at all, solely as an individual rather than class action. Moreover, Defendants' forthcoming motion to dismiss or strike in this case with respect to the FAC, like its previous motion with respect to the original Complaint will present similar arguments as in the *Wood* Motion. *Compare Wood* Dkt. No. 111 at 17-27 *with Sklair* Dkt No. 21 at 5-16. Accordingly, the first factor supports a limited stay of discovery. *See, e.g., O'Sullivan*, 2018 WL 1989585, at *4-7 (granting motion to stay discovery pending resolution of defendants' motion to dismiss); *Hong Leong*, 297 F.R.D. 69 (same); *N.Y. by James v. Penn. Higher Educ. Assistance Agency*, No. 19-cv-9155 (ER), 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (staying discovery where defendant's arguments for dismissal "are not frivolous and constitute the 'strong showing' necessary to weigh in favor of stay"); *Spinelli v. Nat'l Football League*, No. 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (stay of discovery warranted when "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss").

### B. DISCOVERY BEYOND THAT ALREADY ORDERED WOULD BE BROAD AND WOULD DISPROPORTIONALLY BURDEN DEFENDANTS.

The second factor also weighs in favor of a limited stay. Full-blown ESI Discovery in this case is likely to be significantly and disproportionally burdensome given that Plaintiffs have asserted claim on behalf of a putative nationwide class of "more than 2,000" former employees. (FAC ¶ 96.) Moreover, discovery is likely to be highly individualized because each claim turns on the alleged oral promises made to each of the Plaintiffs and the alleged opportunities they purportedly forewent to join the Campaign. Because Plaintiffs' activities were highly localized, engaging in ESI Discovery will require the parties to expend significant time and resources in connection with identifying a multitude of potential ESI custodians, collecting relevant data

sources for these custodians, engaging a vendor to host the data, processing the data, and negotiating search terms and search parameters, among other interim steps, when the parties do not yet know whether there will be a need for any discovery at all in this case. The burden of collecting, processing, searching, reviewing and producing communications sent or received by the "thousands" of members of the putative class will be borne disproportionately by the Campaign.

A stay of discovery beyond that ordered by the Court during the ICMC therefore will prevent the parties from engaging in onerous and disproportionately burdensome ESI Discovery that may be obviated in whole or in part depending on the outcome of the Campaign's anticipated dispositive motion. *See Gandler v. Nazarov*, No. 94-cv-2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay of discovery where "pending motion to dismiss might avoid the need for costly and time-consuming discovery"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources"); *Rivera v. Heyman*, No. 96-cv-4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.").

### C.   THERE IS NO RISK OF UNFAIR PREJUDICE TO PLAINTIFFS.

As to the third factor, a limited stay of discovery pending a determination on the *Wood* Motion will not be prejudicial to Plaintiffs. *See Spencer Trask Software*, 206 F.R.D. at 368 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *see also O'Sullivan*, 2018 WL 1989585, at *9 (explaining that "the passage of a reasonable amount of time, without any

7

other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."). This is particularly true here where, according to Plaintiffs' own allegations, they were only hired temporarily for less than one year, this action was commenced less than four months ago, and the parties are actively briefing on a reasonable agreed-upon schedule threshold legal issues that may drastically limit the scope of discovery. *See Negrete v. Citibank, N.A.*, No. 15-cv-7250 (RWS), 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) ("Any prejudice stemming from delay is likely to be minimal in any event, since this case is in its infancy and the hearing date for the motion is less than two months away.").

Indeed, the pending *Wood* Motion will be fully briefed in less than two weeks, on July 31, 2020. It can be promptly argued and decided thereafter, depending on the Court's schedule. And although the issues in the *Wood* and *Sklair* cases are not identical, the Court's decision on the *Wood* motion is likely to inform the issues presented in the *Sklair* motion, which, if granted, will dispose of this entire case. *Compare Wood* Dkt. No. 111 at 17-27 *with Sklair* Dkt No. 21 at 5-16. Accordingly, the issues likely to be relevant to discovery will become clear before much more time passes.

Plaintiffs also will not be prejudiced because Defendants are only seeking a limited stay of discovery beyond that ordered by the Court during the ICMC, and will otherwise engage in discovery and move this case forward by: (i) exchanging Written Discovery; (ii) producing Non-ESI Discovery;[4] (iii) negotiating an ESI protocol; and (iv) producing emails for the six Named Plaintiffs. There is no basis for Plaintiffs' expressed concern that the termination of the Campaign makes discovery more urgent, because the Campaign has preserved documents and other

---

[4] To the extent the Campaign agrees after meeting and conferring to produce additional categories of Non-ESI Discovery sought by Plaintiffs, the Campaign reserves the right ask Plaintiffs for authorizations to obtain relevant records from their previous employers and/or schools.

discoverable materials and there is no reason to believe that documents or witnesses will be any less available if further discovery awaits, for a brief period, the outcome of the Campaign's motions.

* * *

In sum, the Court should stay the following categories of discovery until resolution of the Motion to Dismiss or Strike:

- Written Discovery beyond the limited Written Discovery agreed-to by the parties;[5]

- ESI Discovery other than emails for the six Named Plaintiffs; and

- Depositions.

## **CONCLUSION**

For all of the foregoing reasons, the Court should stay discovery beyond that ordered by the Court during the ICMC pending a decision on the Motion to Dismiss or Strike in the *Wood* case (or in this case, whichever is earlier).

Dated: July 20, 2020

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg

Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

Mark W. Batten
PROSKAUER ROSE LLP

---

[5] The Campaign will continue to meet and confer with Plaintiffs regarding the disputed categories of Non-ESI Discovery sought by Plaintiffs. Accordingly, and as the Court noted during the ICMC, this issue is not ripe for the Court's intervention.

One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com
(admitted *pro hac vice*)

VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendants*
MIKE BLOOMBERG 2020, INC. and
MICHAEL BLOOMBERG