UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXIS SKLAIR, STERLING RETTKE, NATHANIEL BROWN, BRIAN GILES, JOCELYN REYNOLDS, and CARYN AUSTEN on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>MIKE BLOOMBERG 2020, INC., and MICHAEL BLOOMBERG,<br><br>    Defendants. | 20 Civ. 2495 (KMW) (GWG) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
LIMITED MOTION TO STAY DISCOVERY**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

LEGAL ARGUMENT .......................................................................................................... 2

    A.    Defendants' Motion for a Limited Stay of Discovery Presents a Live Dispute ........................................................................................................... 2

    B.    A Limited Stay of Discovery Is Warranted on the Merits ......................................... 3

        1.    The Campaign's Motion to Dismiss in the Wood Matter Presents Substantial Arguments for Dismissal of Plaintiffs' Claims. ......................... 4

            a.    Plaintiffs' At-Will Employment Status Precludes Their Fraudulent Inducement and Promissory Estoppel Claims. .............. 4

            b.    Plaintiffs Do Not Adequately Allege the Remaining Elements of Fraudulent Inducement. ................................................ 4

            c.    Plaintiffs Do Not Adequately Allege the Remaining Elements of Promissory Estoppel. ................................................... 5

            d.    Plaintiffs' Class Allegations Should Be Stricken. ........................... 5

        2.    Additional Discovery Beyond That Already Ordered Will Be Expansive and Would Disproportionately Burden Defendants. .................. 6

        3.    A Limited Stay of Additional Discovery Will Not Be Prejudicial to Plaintiffs. .................................................................................................... 8

CONCLUSION .................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bethpage Water Dist. v. Northrop Grumman Corp.*,
  No. 13-cv-6362 (SJF) (WDW), 2014 WL 6883529 (E.D.N.Y. Dec. 3, 2014) ........................10

*Cole-Hoover v. N.Y. Dep't of Corr. Servs.*,
  No. 02–cv-826, 2012 WL 13000661 (W.D.N.Y. Oct. 10, 2012) ...............................................9

*Gandler v. Nazarov*,
No. 94-cv-2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) ...................................7

*Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*,
  297 F.R.D. 69 (S.D.N.Y. 2013) .................................................................................................3

*In re Term Commodities Cotton Futures Litig.*,
  No. 12-cv-5126 (ALC) (KNF), 2013 WL 1907738 (S.D.N.Y. May 8, 2013) ....................10, 11

*Kurgan v. Chiro One Wellness Ctrs. LLC*,
  No. 10-cv-1899, 2014 WL 1245053 (N.D. Ill. Mar. 26, 2014) .................................................9

*Moss v. Hollis*,
  No. 90-cv-177 (PCD), 1990 WL 138531 (D. Conn. June 29, 1990) ..................................9, 10

*O'Sullivan v. Deutsche Bank AG*,
  No. 17-cv-8709 (LTS) (GWG), 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018) ..............3, 9, 11

*Rivera v. Heyman,*
No. 96-cv-4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ......................................7

*Williams v. Swack*,
  No. 13–cv-974, 2015 WL 2237216 (W.D.N.Y. May 12, 2015) ...............................................9

Mike Bloomberg 2020, Inc. (the "Campaign") and Michael Bloomberg (with the Campaign, together "Defendants") respectfully submit their reply memorandum in further support of their motion to stay any discovery beyond that ordered by the Court during the July 16, 2020 Initial Case Management Conference ("ICMC") for the brief period needed to resolve the Campaign's pending motion to dismiss or to strike the class claims in the *Wood* matter (the "Motion to Dismiss or Strike").[1]

## **INTRODUCTION**

Plaintiffs' opposition to Defendants' limited motion for a stay of discovery does not present any legitimate arguments as to why a brief stay should not be granted. They first assert that there is not a live discovery dispute but, later in their brief, object to Defendants' request for a stay and claim that they will be prejudiced if the parties do not commence with full-blown discovery immediately. While Defendants are prepared to move forward with the limited discovery ordered by the Court at the ICMC, which includes production of certain categories of Non-ESI Discovery[2] and emails sent or received by the six Named Plaintiffs, the parties unquestionably disagree whether any further discovery should proceed prior to the resolution of Motion to Dismiss or Strike in the *Wood* matter.

---

[1] As discussed in Defendants' opening brief, the *Wood* Motion to Dismiss or Strike—which is now fully briefed and submitted to the Court—will inform the issues present in this matter because the same common law claims of promissory estoppel and fraudulent inducement asserted here are asserted in *Wood*. The *Sklair* Plaintiffs bring only those claims that are the subject of the pending Motion to Dismiss or Strike, and dismissal of the common law claims would result in the dismissal of this lawsuit in its entirety.

[2] As explained in Defendants' Memorandum of Law in Support of Defendants' Limited Motion to Stay Discovery ("Moving Brief"), prior to the ICMC, Defendants already had agreed as a compromise to produce the following categories of Non-ESI Discovery: (i) the Named Plaintiffs' hiring/onboarding documents; (ii) the Named Plaintiffs' personnel files; and (iii) general employment policies and practices (including the Campaign's Employee Handbook Policies & Procedures, Code of Conduct, Confidentiality, Non-Interference and Invention Assignment Agreements, and Prevention of Coordination Policy). (*See* Dkt. 47 at 3.)

Given Defendants' strong legal arguments for dismissal of all of the claims in this lawsuit, the significant burdens associated with proceeding with full-blown discovery in a case that likely will be dismissed in its entirety, and the absence of any actual prejudice to Plaintiffs, the Court should exercise its discretion and enter a limited stay of discovery pending resolution of the Motion to Dismiss or Strike in the *Wood* matter.

## LEGAL ARGUMENT

### A. DEFENDANTS' MOTION FOR A LIMITED STAY OF DISCOVERY PRESENTS A LIVE DISPUTE

Contrary to Plaintiff's suggestion, Defendants' motion is not "premature." The parties actively dispute whether any additional discovery beyond that ordered by the Court during the ICMC should be conducted prior to the resolution of the Motion to Dismiss or Strike. As it relates to ESI, Defendants contend that it would be unduly burdensome, inefficient, and a waste of resources to conduct additional ESI (beyond producing emails from the six Named Plaintiffs) until the Motion to Dismiss or Strike is resolved because that motion, if granted, will resolve all of Plaintiffs' claims. Plaintiffs, on the other hand, openly acknowledge in their opposition that they will be seeking "the search and production of additional ESI" from other ESI custodians after they receive emails from the Named Plaintiffs, even if the Motion to Dismiss or Strike has not yet been resolved. (Dkt. 48 ("Opp.") at 4.) Additionally, Plaintiffs claim they will be prejudiced if they are not able to immediately serve third-party subpoenas seeking deposition testimony from former Campaign employees.[3] (*See* Opp. at 5.) In contrast, Defendants believe that it is inefficient and unnecessary to commence with depositions when Plaintiffs' claims are unlikely to survive the

---

[3] Plaintiffs' contention that they want to proceed with third parties' depositions is well beyond the discovery they represented to the Campaign and the Court they wish to proceed with now. Their expanding list further illustrates the burden that will be associated with undertaking further discovery while the Campaign's Motion to Dismiss or Strike is pending and underscores that the parties' dispute is ripe and a limited stay is appropriate.

2

Motion to Dismiss or Strike (and, as explained in Section B.3, below, Plaintiffs have failed to demonstrate any actual prejudice).

Plaintiffs' attempt to downplay the parties' dispute by casting it as one concerning only the "scope of discovery" is fundamentally misleading. What is actually in dispute is whether Defendants should be saddled with the burden and costs of conducting full-blown discovery—which Plaintiffs acknowledge will necessarily include, but not be limited to, Defendants having to collect, process, analyze, review and produce voluminous ESI from an unknown number of additional ESI custodians, as well as issues relating to third-party subpoenas—*at all* before the Court decides whether Plaintiffs have even pled *any* viable claims. Without question, Defendants' motion for a limited stay of discovery beyond that ordered during the ICMC presents a live dispute ripe for resolution now.

**B.     A LIMITED STAY OF DISCOVERY IS WARRANTED ON THE MERITS**

Plaintiffs do not dispute that the Court has "considerable discretion" to stay discovery pending resolution of a motion to dismiss. *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS) (GWG), 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018) (Gorenstein, M.J.)  Indeed, while Plaintiffs cite *Hong Leong Financial Ltd.* for the proposition that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," they neglect to mention that in that case, this Court recognized that a pending motion to dismiss can constitute good cause to stay discovery in certain circumstances and, indeed, *granted* defendants' motion to stay discovery. *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013). As in *Hong Leong Financial Ltd.*, the circumstances and posture of this case also present good cause for a stay of discovery, particularly since Defendants already have agreed to produce various categories of Non-ESI Documents, as well as emails for the six Named Plaintiffs, and only

3

are seeking a limited stay of discovery to the extent necessary to avoid the burden associated with conducting further discovery in a lawsuit that ultimately may be dismissed.

### 1. *The Campaign's Motion to Dismiss in the Wood Matter Presents Substantial Arguments for Dismissal of Plaintiffs' Claims.*

As the Campaign explains in more detail in its Motion to Dismiss or Strike reply brief filed in the *Wood* matter—which as of today's filing is fully submitted to the Court for a ruling—Plaintiffs cannot rebut the multiple grounds requiring dismissal of their claims, and the same fatal legal deficiencies doom the First Amended Complaint ("FAC") in the instant matter. Accordingly, the strength of the Campaign's Motion militates in favor of a limited stay of discovery.

#### a. Plaintiffs' At-Will Employment Status Precludes Their Fraudulent Inducement and Promissory Estoppel Claims.

Plaintiffs' at-will employment status is fatal to their fraudulent inducement and promissory estoppel claims. Plaintiffs dismissively refer to that undeniable fact as "not dispositive," but ignore that courts routinely grant motions to dismiss on the basis that at-will employees cannot reasonably rely upon a promise of future continued employment as a matter of law. (*See Wood* Dkt. 111 at 20-21, 24-26) (citing cases). Indeed, for this same reason, courts do not even recognize promissory estoppel as a valid cause of action in the at-will employment context. (*See id.* at 24 (citing cases).

#### b. Plaintiffs Do Not Adequately Allege the Remaining Elements of Fraudulent Inducement.

Plaintiffs also fail to establish the remaining elements of their fraudulent inducement claim. They do not allege facts giving rise to a "strong inference" of fraudulent intent and, instead, wrongly argue that a "permissible inference" is sufficient. They do not allege any misrepresentations of present fact; indeed, Plaintiffs themselves misrepresent the statements that

4

they claim misled them. (*See* SAC[4] ¶¶ 13-15.) They also do not allege any legally cognizable injury because their alleged damages flow directly from their terminations. (*See Wood* Dkt. 111 at 21 (citing SAC ¶ 423); *see also* SAC ¶ 47.)

        c.        Plaintiffs Do Not Adequately Allege the Remaining Elements of <u>Promissory Estoppel</u>.

Contrary to Plaintiffs' argument, court do not recognize promissory estoppel as a valid cause of action for employees, like Plaintiffs here, who were employed at-will. Moreover, the generalized statements reported in the press upon which Plaintiffs rely do not constitute a "clear and unambiguous promise" by Defendants, and Plaintiffs do not allege any facts demonstrating that they suffered an "unconscionable injury." (*See Wood* Dkt. 111 at 25-27.)

        d.        <u>Plaintiffs' Class Allegations Should Be Stricken</u>.

Even if the common law claims survived, they would depend on thousands of individual oral promises that would prevent resolution on a class basis. (*See Wood* Dkt. 111 at 29-30.) Plaintiffs ignore the multiple cases holding that claims of promissory estoppel or fraud that include an element of reasonable reliance are not susceptible to class treatment and they do not articulate how their alleged injuries, which are premised on them leaving their respective prior employers and/or relocating to work for the Campaign, can be proven on a class-wide basis. (*See Wood* Dkt. 111 at 30-33.)

Accordingly, the first factor weighs heavily in favor of a limited stay of discovery because the Motion to Dismiss or Strike, and case law cited therein, presents a strong showing in favor of dismissal of the common law claims asserted in the Second Amended Complaint, and to proceed,

---

[4] "SAC" refers to the Second Amended Complaint filed by the *Wood* Plaintiffs, which is the subject of the Campaign's pending Motion to Dismiss or Strike. (*See Wood* Dkt. 86.)

if at all, solely as an individual rather than class action, and apply with equal force to the *Sklair* FAC.[5]

### 2. *Additional Discovery Beyond That Already Ordered Will Be Expansive and Would Disproportionately Burden Defendants.*

The second factor—whether discovery is likely to be broad and would be burdensome—also weighs in favor of granting a limited stay of discovery. Notably, Plaintiffs do not dispute that they intend to seek broad discovery in this case. In fact, in addition to the several categories of Non-ESI Documents and emails from the six Named Plaintiffs that the Court ordered to be produced during the ICMC, Plaintiffs have indicated that they will be requesting production of: (i) seven other categories of Non-ESI Documents from the Campaign (Dkt. 49-1 at 11:5-16); (ii) ESI from an unknown number of additional ESI custodians from the Campaign (Dkt. 48 at 4); and (iii) documents from third-party witnesses via subpoena (*id.* at 5). And, notably, these are just the subjects of discovery identified to date, before Plaintiffs have even served any written discovery demands. In addition, Plaintiffs have represented that they will be seeking to conduct numerous depositions, including of "national, regional or state hiring managers or other officials who spoke with Plaintiffs about working with the Campaign and/or Bloomberg or have knowledge about the statements made by the Campaign." (Dkt. 44 at 9.)

Defendants have presented substantial arguments for dismissal of the claims in this action in its entirety, as explained above and in the Campaign's Motion to Dismiss or Strike. Proceeding with full-blown ESI discovery, as Plaintiffs admittedly intend to do, will be significantly and disproportionately burdensome on Defendants, and will be rendered entirely unnecessary if the

---

[5] Plaintiffs in this case also purport to assert claims against Mr. Bloomberg individually. These claims not only fail for all of the reasons set forth above, but also because Plaintiffs do not allege that Mr. Bloomberg misrepresented any facts or made any specific promises to them individually.

6

Court dismisses this lawsuit, which Defendants believe is likely to occur. This case accordingly presents a situation where a brief stay of discovery is warranted because proceeding with discovery while the motion to dismiss the case in its entirety is pending "would waste the parties' resources and would constitute an undue burden on defendants." *Rivera v. Heyman*, No. 96-cv-4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). *See also Gandler v. Nazarov*, No. 94-cv-2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery because motion to dismiss, if granted, would resolve the case and "avoid the need for costly and time-consuming discovery").

Plaintiffs' conclusory assertion that "the Campaign faces little to no burden proceeding with discovery" (Opp. at 6) also ignores reality. Conducting ESI discovery in this action will unquestionably be onerous and time-consuming, as it will require the parties to expend significant time and resources in connection with identifying ESI custodians, collecting relevant data sources for these custodians, having the data uploaded and processed by a vendor for review, de-duplicating the data against other ESI data sets that were previously uploaded, negotiating search terms and search parameters, reviewing ESI, and preparing it for production, among other steps, when the parties do not yet know whether Plaintiffs have any cognizable claims.

The burden in this case is particularly significant given the highly individualized nature of Plaintiffs' claims and the fact that they purport to bring their claims on behalf of a putative class of more than 2,000 individuals "geographically dispersed across the country." (FAC ¶ 96.) For instance, because Plaintiffs would have to prove that the Campaign made material misrepresentations of present fact (the first element of Plaintiffs' fraudulent inducement claim) or a clear and unambiguous promise (the first element of Plaintiffs' promissory estoppel claim), discovery into their claims will involve inquiries into each putative class member's individualized

7

communications with Campaign personnel. This will be a highly burdensome and time-intensive process because Plaintiffs worked in different states, each of which was led by its own state leadership team. Moreover, within a single state, Field Organizers ("FOs") and Regional Organizing Directors ("RODs") worked in a particular geographic territory ("turf") within the state and FOs reported to the ROD in their specific turf. Plaintiffs do not dispute the individualized nature of and, indeed, have represented that they intend to seek discovery from "regional or state hiring managers" on issues relating to their claims. (*See* Dkt. 44 at 9.)

Given that the legal issues in dispute in the Motion to Dismiss or Strike will determine whether this case will proceed at all, a limited stay of discovery will prevent the parties from engaging in burdensome discovery on claims and issues that ultimately may be unnecessary depending on the outcome of Defendants' pending dispositive motion.

### 3. *A Limited Stay of Additional Discovery Will Not Be Prejudicial to Plaintiffs.*

Plaintiffs will not suffer any prejudice if a limited stay of discovery is granted pending resolution of the Campaign's pending Motion to Dismiss or Strike in *Wood*.

Plaintiffs first contend that a stay would be prejudicial because they have an interest in the case "moving expeditiously to a resolution." As an initial matter, contrary to Plaintiffs' current professed interest in expeditiously proceeding this case, Plaintiffs declined to amend their complaint when the Campaign notified them of the legal deficiencies in the complaint on May 1, 2020 and insisted that the Campaign file a motion to dismiss so they could have the benefit of the Campaign's briefing. Plaintiffs ultimately delayed for two months and did not file their amended complaint until July 6, 2020. (*See* Dkt. 36.) Moreover, the Plaintiffs' assertion that they must move these claims forward quickly because they have been "unable to find new employment" is simply inaccurate, as all of the Named Plaintiffs allege in the FAC that they are currently

8

employed.  (*See* FAC ¶¶ 73-78.)

Regardless, as this Court previously has recognized, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."  *O'Sullivan*, 2018 WL 1989585, at *9.  Aside from speculating about hypothetical harms that "might" ensue if full discovery does not commence immediately, Plaintiffs have not identified any actual prejudice that would result from the limited stay sought in this case.  Plaintiffs assert that the Campaign "likely no longer employs the necessary witnesses" so they may need to serve third-party subpoenas for discovery and testimony.  (Opp. at 5.)  But, this does not mean that a brief stay of discovery is prejudicial to Plaintiffs, given that third-party subpoenas likely will be necessary regardless of whether discovery proceeds now or later.  Tellingly, Plaintiffs do not identify any specific witnesses or information that they believe would be more readily accessible now than after the Motion to Dismiss or Strike is decided.

Plaintiffs further speculate that a limited stay of discovery might make locating third-party witnesses and other information more difficult, but the cases they cite as support for this proposition involve lawsuits that had been pending for <u>several years</u> before a stay was sought.  *See, e.g., Williams v. Swack*, No. 13–cv-974, 2015 WL 2237216, at *3 (W.D.N.Y. May 12, 2015) (in a case that had been stayed for three years, noting that memories "may fade" if a further stay was granted); *Kurgan v. Chiro One Wellness Ctrs. LLC*, No. 10-cv-1899, 2014 WL 1245053, at *3 (N.D. Ill. Mar. 26, 2014) (in a case that had been pending for four years, noting a stay could "increase[] difficulty in locating class members"); *Cole-Hoover v. N.Y. Dep't of Corr. Servs.*, No. 02–cv-826, 2012 WL 13000661, at *4 (W.D.N.Y. Oct. 10, 2012) (denying a motion to adjourn trial, made on the eve of trial, in a case that had been pending for "nearly ten years").[6]  These cases

---

[6] Plaintiffs also cite to *Moss v. Hollis*, No. 90-cv-177 (PCD), 1990 WL 138531, at *1 (D. Conn. June 29, 1990), for the proposition that a stay should be denied if it "possibly prejudice[s] [plaintiffs'] ability to obtain relevant

9

are readily distinguishable from this action, which has been pending only for approximately <u>four months</u> and involves underlying events that allegedly occurred this year.  A limited stay of discovery will not be prejudicial under such circumstances and Plaintiffs do not point to any facts to establish the contrary.  *See, e.g., In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126 (ALC) (KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (granting stay of discovery and rejecting "plaintiffs' assertions that…witnesses' memories fade with the passage of time" because this is a  "usual litigation risk[] that affect[s] all the parties equally, regardless of the amount of time permitted for discovery."); *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-cv-6362 (SJF) (WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (rejecting plaintiff's claim that a stay would be prejudicial because plaintiff "has not provided any specific examples of evidence that may become stale or witnesses whose memories may fade during the stay").

Finally, Plaintiffs' suggestion that inadvertent spoliation "may occur" if full-blown ESI discovery does not proceed immediately (Opp. at 5-6) is purely speculative.  Plaintiffs' attempt to miscast the Campaign as a "temporary" entity has no basis in reality.  The Campaign continues to have obligations in addition to this lawsuit, including related to ongoing FEC obligations, and has not disbanded.  The Campaign is complying and will continue to comply with its legal obligations, and Plaintiffs' rank speculation offers no basis to conclude otherwise.  Not only is Plaintiffs' conjecture devoid of any underlying factual basis, but it also is directly undermined by Plaintiffs' own statements elsewhere in their opposition brief that any additional ESI discovery beyond the six Named Plaintiffs "likely will not transpire for months" consistent with Plaintiffs' proposal that

---

information."  In *Moss*, however, the court did not deny the motion to stay discovery because of prejudice to plaintiffs, but rather denied the motion because defendants had "not attempted to point out any glaring deficiencies, either substantively or jurisdictionally, in plaintiff's complaint that would subject it to dismissal" and thus did not make the requisite showing that their motions to dismiss would be successful.  *Id.*  Unlike in *Moss*, here, the Campaign has demonstrated that its motion to dismiss presents substantial arguments for dismissal of Plaintiffs' claims.  (*See* Moving Brief at 4-6; *supra* at 4-6.)

10

ESI proceed in a "staged approach." (Opp. at 3-4.) If Plaintiffs truly believed that a legitimate risk of inadvertent spoliation existed in this case (which it does not), then surely they would not be advocating for a piece-meal approach to ESI. Regardless, the Campaign has complied with its preservation obligations in this case, and Plaintiffs' speculation about the potential risk of inadvertent document loss during the brief period while the Court decides the Campaign's dispositive motion in *Wood* does not establish any "unfair prejudice." *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *7 (rejecting plaintiffs' claim that a stay would be prejudicial due to "potential" for destruction of evidence); *O'Sullivan*, 2018 WL 1989585, at *9 (the "ordinary risk of litigation" of non-party document destruction "does not constitute sufficient prejudice to warrant denying a stay of discovery").

The absence of any prejudice to Plaintiffs therefore justifies a limited stay of discovery.

\* \* \*

In sum, Plaintiffs have not offered any legitimate reason to deny a limited stay of discovery. As it would be substantially prejudicial to require the parties to spend significant time, effort, and money engaging in discovery for putative class action claims that fail as a matter of law and should not be permitted to proceed, the Court should exercise its discretion to stay the following categories of discovery until the Court has ruled on the pending Motion to Dismiss or Strike in *Wood*:

- Written Discovery beyond the limited Written Discovery agreed-to by the parties;[7]
- ESI Discovery other than emails for the six Named Plaintiffs; and
- Depositions.

---

[7] Defendants will continue to meet and confer with Plaintiffs regarding the disputed categories of Non-ESI Discovery sought by Plaintiffs. Accordingly, and as the Court noted during the ICMC, this issue is not ripe for the Court's intervention.

11

## **CONCLUSION**

For all of the foregoing reasons and the reasons set forth in Defendants' moving brief, the Court should stay discovery beyond that ordered by the Court during the ICMC pending a decision on the *Wood* Motion to Dismiss or Strike.

Dated: July 31, 2020

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg

Eleven Times Square
New York, New York 10036
(T) 212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

PROSKAUER ROSE LLP

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T) 617.526.9850
mbatten@proskauer.com

VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T) 212.307.5500
nmreiter@venable.com

*Attorneys for Defendants*
MIKE BLOOMBERG 2020, INC. and
MICHAEL BLOOMBERG