UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALEXIS SKLAIR, STERLING RETTKE,
NATHANIEL BROWN, BRIAN GILES,
JOCELYN REYNOLDS, and CARYN
AUSTEN, on behalf of themselves and
all others similarly situated,

                Plaintiffs,

  -v-                                                           No.  1:20-CV-2495-LTS-GWG

MIKE BLOOMBERG 2020, INC., and
MICHAEL BLOOMBERG

                Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

                In this action, Plaintiffs Alexis Sklair, Sterling Rettke, Nathaniel Brown, Brian Giles, Jocelyn Reynolds, and Caryn Austen ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this putative class action against Mike Bloomberg 2020, Inc. (the "Campaign") and Michael Bloomberg (together "Defendants"), asserting claims for fraudulent inducement and promissory estoppel.  (See docket entry no. 39 (the "First Amended Complaint" or the "FAC").)

                The case is before the Court on Defendants' motion to dismiss Plaintiffs' First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  (Docket entry no. 51.)  Defendants move in the alternative to strike the class allegations with respect to Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).  The Court has jurisdiction of Plaintiffs' claims under 28 U.S.C. section 1332(d)(2).  (See FAC ¶¶ 1, 5-12.)

The Court has reviewed and considered thoroughly all of the parties' submissions filed in connection with the motion. For the following reasons, Defendants' motion to dismiss the First Amended Complaint is granted in full.

### BACKGROUND

The following factual allegations are derived from the allegations of the FAC and are taken as true for the purposes of the instant motion practice. Certain elements of this background summary are also drawn from documents incorporated into the FAC that have been proffered in connection with the current motion practice.[1]

Michael Bloomberg announced his candidacy for President of the United States on November 24, 2019. (FAC ¶ 34.) Because his announcement came "just months" before votes would be cast in the Democratic primary, the Campaign knew it would need to incentivize applicants to join its efforts rather than pursue employment with other political campaigns. (Id. ¶ 42.) Accordingly, Mr. Bloomberg and members of the Campaign promised field staffers and field staff applicants that "the nature of the staffers' work would involve both primary and general election work, either working directly for the [C]ampaign or another entity established or funded by Bloomberg, regardless of whether Bloomberg won the nomination." (Id. ¶¶ 21, 35-36.) Defendants also promised the Campaign's field staffers that Mr. Bloomberg and the Campaign "had committed the funds necessary to keep field offices open through November 2020" and "employ the staffers on the general election." (Id. ¶¶ 21, 35.) Plaintiffs allege that that these promises were made by the Campaign's hiring managers during recruitment efforts and interviews (id. ¶¶ 22-26, 29-32), reiterated by Mr. Bloomberg and Campaign representatives

---

[1] See infra, for an explanation of what documents, beyond the complaint, the Court may consider when determining a Rule 12(b)(6) motion to dismiss.

in public statements (id. ¶¶ 39-41), and reinforced by Campaign representatives to employees in the days following Mr. Bloomberg's withdrawal from the Presidential race on March 4, 2020. (Id. ¶¶ 48-58.)

Plaintiffs are former Campaign field organizers who accepted employment with the Campaign in late 2019 and early 2020, foregoing alternative employment and/or educational opportunities. (FAC ¶¶ 21-32, 83-84.) At the initiation of his or her employment, each Plaintiff entered into an employment agreement with the Campaign that specified that each staffer was an "at-will" employee and noted that the Campaign "may terminate [his or her] employment at any time, with or without notice and with or without cause, for any reason or for no reason." (Id. ¶ 44; see also docket entry no. 54, Declaration of Katherine Sayers ("Sayers Decl."), Exs. A-F.) These employment agreements also contained a no-oral modification clause stating: "No statement varying any of the terms of this offer letter shall be enforceable unless set forth in a writing signed by a duly authorized officer of the Organization." (See Sayers Decl., Exs. A-F.) Mr. Bloomberg was not individually a party to these employment agreements. (Id. ¶ 45.)

On March 4, 2020, Mr. Bloomberg withdrew from the 2020 Presidential race. (Id. ¶¶ 48-49.) On March 20, 2020, the Campaign terminated Plaintiffs' employment. (Id. ¶ 59.) Plaintiffs allege that their terminations broke the Campaign's promises of providing the opportunity to work on the general election and continued employment through November 2020. (Id. ¶¶ 60-62.) Plaintiffs allege that the opportunity to perform "both primary and general election work" was material to their decisions to work for the Campaign, and they would not have accepted their positions with the Campaign in the absence of the Campaign's representations. (Id. ¶¶ 66, 80.)

DISCUSSION

In the FAC, Plaintiffs assert claims, on behalf of themselves and all others similarly situated, for fraudulent misrepresentation and promissory estoppel premised on their allegation that Defendants falsely promised them continued employment through the November 2020 general election but reneged on the promise when the Campaign terminated their employment on March 20, 2020.

Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the FAC for failure to state a claim, arguing that: 1) Plaintiffs' claims for fraudulent inducement and promissory estoppel are precluded as a matter of law because Plaintiffs were at-will employees of the Campaign; and 2) if not precluded as a matter of law, Plaintiffs have nevertheless failed to plausibly allege claims for fraudulent inducement and promissory estoppel against the Campaign and against Mr. Bloomberg, individually.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content pleaded that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts as true the nonconclusory factual allegations in the First Amended Complaint and draws all reasonable inferences in the nonmoving party's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

In determining a Rule 12(b)(6) motion to dismiss, the Court may consider "the complaint, any exhibit attached to the complaint, materials incorporated in the complaint by

reference, and documents that, 'although not incorporated by reference, are "integral" to the complaint.'"  Jasper & Black, LLC v. Carolina Pad Co., No. 10-CV-3562-KTS-HBP, 2012 WL 413869, at *4 (S.D.N.Y. Feb. 9, 2012) (quoting Schwartzbaum v. Emigrant Mortg. Co., No. 09-CV-3848-SCR, 2010 WL 2484116, at *3 (S.D.N.Y. June 16, 2010)).

Consideration of Documents Incorporated by Reference into the First Amended Complaint

In support of Defendants' motion to dismiss the First Amended Complaint, Defendants submit the Declaration of Katherine Sayers and eleven accompanying attachments as exhibits.  (See Sayers Decl., Exs. A-K.)  The exhibits include offer letters of employment, executed by each of the Plaintiffs.  (See id., Exs. A-F.)  The exhibits also include a copy of the Campaign's Employee Handbook and employee acknowledgement forms signed by Plaintiffs Sklair, Rettke, Brown, Giles, and Reynolds.  (See id., Exs. G-K.)

Plaintiffs do not contest the Court's consideration of the offer letters, nor the Employee Handbook and the accompanying employee acknowledgement forms.  The Court hereby finds it may consider these documents in connection with Defendants' motion to dismiss.  The offer letters are incorporated by reference into the First Amended Complaint because Plaintiffs' allegations refer explicitly to the employment agreements with the Campaign that categorized them as "at-will" employees and quote directly from the offer letters' provision stating the Campaign "may terminate [their] employment at any time, with or without notice and with or without cause, for any reason or for no reason."  (FAC ¶¶ 44, 46 (referring to the "employment agreement" between the Campaign and its staffers); see also Sayers Decl., Exs. A-F)); see EQT Infrastructure Ltd. v. Smith, 861 F. Supp. 2d 220, 224, n.2 (S.D.N.Y. 2012) (finding Court could consider letter of intent on the pending motion to dismiss because complaint "refer[red] to and quote[d] from the [l]etter of [i]ntent, thus incorporating it"); James v. Correct

Care Sols., No. 13-CV-0019-NSR, 2013 WL 5730176, at *3 (S.D.N.Y. Oct. 21, 2013) ("One way a document may be deemed incorporated by reference is where the complaint 'refers to' the document." (citing id.)). On a similar basis, because the Campaign's Employee Handbook also specifies the employees' at-will status, which is pleaded in the First Amended Complaint (see FAC ¶ 44), and, together with the signed acknowledgement letters, specifies the scope and terms of the employment agreement between the parties, the Court finds it proper to consider these documents as integral to, if not incorporated by reference into, the First Amended Complaint. See Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 530 F. Supp. 3d 447, 451 (S.D.N.Y. 2021) (considering insurance policy at issue, even though "Plaintiff did not attach a copy of the insurance policy to its Second Amended Complaint" because "Plaintiff relie[d] on the terms of the written policy throughout the Second Amended Complaint"); Veliz v. Collins Bldg. Servs., Inc., No. 10-CV-06615-RJH, 2011 WL 4444498, at *1, n.2 (S.D.N.Y. Sept. 26, 2011) (considering collective bargaining agreement in connection with motion to dismiss because complaint "is based entirely on [Plaintiff's] employment relationship . . . of which the CBA is an integral part").

Fraudulent Inducement Claim

        Plaintiffs assert that Defendants made a series of fraudulent statements that induced them to accept employment, and remain employed, with the Campaign. Defendants move to dismiss Plaintiffs' fraudulent inducement claim, arguing that (1) Plaintiffs' at-will employment status precludes their claim because reliance was unreasonable as a matter of law, and (2) Plaintiffs have failed to adequately plead the remaining elements of a fraudulent inducement claim.

As a preliminary matter, Plaintiffs acknowledge that their employment was at-will. (FAC ¶ 44.) This acknowledgement is reinforced by the terms of the signed offer letters of employment, submitted by Defendants in connection with the pending motion, that stipulate: "[t]he nature of your employment at the Organization is and will continue to be 'at will,' as defined by applicable law, meaning that either we or you may terminate your employment at any time . . . for any reason or for no reason." (See Sayers Decl., Exs. A-F.) As explained above, the Court may consider the offer letters in connection with Defendants' motion to dismiss because they are incorporated by reference into the First Amended Complaint.

Defendants argue that Plaintiffs' at-will employment status precludes their claim for fraudulent misrepresentation because, under New York law,[2] at-will employees cannot reasonably rely on oral promises of continued employment. Defendants are correct that "claims of fraudulent inducement based on future promises of continued employment in an at-will employment context are not cognizable" under New York law, Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd., No. 06-CV-5474-JGK, 2008 WL 857492, at *16 (S.D.N.Y. Mar. 31, 2008) (citing Brady v. Calyon Secs. (USA), 406 F. Supp. 2d 307, 316-17 (S.D.N.Y. 2005)), because "reliance upon a promise of future employment is unreasonable" when an employee "can be dismissed at any time." Id. (citing Marino v. Oakwood Care Ctr., 774 N.Y.S.2d 562, 563 (App. Div. 2004)); see also Downey v. Adloox Inc., 238 F. Supp. 3d 514, 525 (S.D.N.Y. 2017) (explaining that representation with respect to the duration of plaintiff's employment "would not be actionable" and "any reliance . . . on such a promise [would be] unreasonable as a matter of

---

[2] Plaintiffs and Defendants both submit arguments grounded in New York law. "An agreement between the parties to apply New York law, even where that agreement is implicit, is sufficient to establish the appropriate choice of law." Hamilton Speciality Ins. Co. v. Kinsale Ins. Co., No. 19-CV-5548-DLC, 2020 WL 1876358, at *3 (S.D.N.Y. Apr. 15, 2020). Therefore, the Court will apply New York law to the dispute.

law" (citation omitted)); Arias v. Women In Need, Inc., 712 N.Y.2d 103, 103 (App. Div. 2000) ("Plaintiff could not establish the reasonable reliance element since the offered employment was at-will." (citation omitted)).  Therefore, to the extent that Plaintiffs allege that Defendants promised them continued employment through the November 2020 election after they signed the Campaign's offer letters specifying their at-will status (see, e.g., FAC ¶¶ 51-58), Plaintiffs' alleged reliance on Defendants' promises was unreasonable because Plaintiffs' employment agreements specified that their employment was at-will.  See, e.g., Wurtsbaugh v. Banc of Am. Secs. LLC, No. 05-CV-6220-DLC, 2006 WL 1683416, at *7 (S.D.N.Y. June 20, 2006) (Because "[Plaintiff's] employment contract defined his status as that of an at-will employee[,] [a]ny reliance on oral representations about the term of his employment was therefore unreasonable under New York Law."); Deluca, 2008 WL 857492, at *16 ("Any reliance upon a promise of future employment is unreasonable because an employee can be dismissed at any time.").

Plaintiffs also allege that they were promised work through the general election prior to accepting employment with the Campaign, including throughout the recruitment and interview processes, and that this promise induced them to accept employment.  (FAC ¶¶ 21-39.) This portion of Plaintiffs' claim similarly fails as a matter of law.

Although at-will employees generally "cannot evade the bar against suing for wrongful termination by suing in tort[,]" Jelks v. Citibank N.A., No. 99-CV-2955-JSM, 2001 WL 50891, at *3 (S.D.N.Y. Jan. 22, 2001), in "very limited circumstances," at-will employees may recover for fraudulent statements that induced them into accepting positions of employment by showing: "(1) a material false representation; (2) scienter; (3) reasonable reliance; (4) damages; and . . . (5) that the fraudulent misrepresentation was collateral or extraneous to the employment agreement."  Downey, 238 F. Supp. 3d at 525; see Hyman v. Int'l Bus. Machs. Corp., No. 98-CV-1371-JSM, 2000 WL 1538161, at *2-3 (S.D.N.Y. Oct. 17, 2000) (finding

fraudulent inducement claim cognizable where plaintiffs "do not seek to recover for their termination . . . and its consequent impact on their careers and pocketbooks, but rather allege that they were induced to leave secure positions [with their former employers] by the defendant's false representations, and that this inducement led to injuries stemming from the act of resigning").

In contrast to other situations in which courts have found the representations to be "collateral" to the employment agreement, and therefore potentially actionable, the representations here concern "the terms of the offers" made to Plaintiffs, namely the duration of their employment, which was ultimately addressed in their offer letters. Hyman, 2000 WL 1538161, at *3-4 (representations collateral to plaintiff's employment agreement with ESC where they concerned a potential contract between ESC and IBM); see also Stewart v. Jackson & Nash, 976 F. 2d 86, 88-89 (2d Cir. 1992) (representations collateral because they concerned the nature of the prospective employer's law practice, including that the defendant had "recently secured a large environmental law client"); Cohen v. Avanade, Inc., 874 F. Supp. 2d 315, 323 (S.D.N.Y. 2002) (representations made as to prospective employer's capabilities collateral "insofar as the contract . . . says nothing about such matters"); Somnia, Inc. v. Change Healthcare Tech. Enabled Servs., LLC, No. 19-CV-08983-PHM, 2021 WL 639529, at *6 (S.D.N.Y. Feb. 16, 2021) (misrepresentations not "extraneous or collateral" to the contract at issue because "Plaintiff has pled issues contained within the" agreement). Courts have recognized that, "[u]nder New York law, reasonable reliance is precluded when 'an express provision in a written contract contradicts a prior alleged oral representation in a meaningful fashion.'" Colonial Funding Network, Inc. for TVT Cap., LLC v. Epazz, Inc., 252 F. Supp. 3d 274, 284 (S.D.N.Y. 2017); see also Backus v. U3 Advisors, Inc., No. 16-CV-8990-GHW, 2017 WL 3600430, at *10 (S.D.N.Y. Aug. 18, 2017) (dismissing fraudulent inducement claim where

"meaningful conflict" existed between alleged oral representations and agreement); Stone v. Schulz, 647 N.Y.S.2d 822, 823 (App. Div. 1996) (affirming dismissal of claim that plaintiff "was fraudulently induced into leaving his prior employment by alleged oral representations concerning his employment by the defendant" because, where "there is a 'meaningful' conflict between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation" (citation omitted)). Because the alleged representations of guaranteed employment through November 2020 are contradicted by the at-will provision of Plaintiffs' offer letters, the Court finds that any aspect of Plaintiffs' claim that is based on the alleged oral representations preceding the offer letters fails as a matter of law.

Plaintiffs argue that Defendants' misrepresentations are "actionable statement[s] of present fact" because they concerned the "nature of the work" they were hired to perform, namely work related to both the primary and general elections.  (See docket entry no. 58 ("Pl. Mem.") at 7-8 (citations omitted).)  The Court is not persuaded.  The alleged representation concerning the ability to work on both the primary and general election amounts to a future promise of continued employment that Plaintiffs have attempted to dress up in different cloth. Plaintiffs do not allege that general election work would have involved different job duties or responsibilities.  Instead, the ability to pursue general election work was inherently tied to whether Plaintiffs remained employed through the general election, in support of the Democratic nominee, in November 2020.  Because Plaintiffs were terminated after Mr. Bloomberg withdrew from the primary election in March 2020, they were not employed for long enough to redirect their efforts toward the general election.

Thus, the scenario presented here is in stark contrast to the situation in Stewart v. Jackson & Nash, 976 F. 2d 86, 88-89 (2d Cir. 1992), on which Plaintiffs rely, where the Second

Circuit found a claim for fraudulent inducement cognizable where the plaintiff, a "budding environmental lawyer," alleged that she was induced to "leave a firm with an environmental practice" and accept a position with the defendant law firm based on its misrepresentations about the nature of its environmental law practice. After accepting a position with the defendant law firm in reliance on its misrepresentations that it "had recently secured a large environmental law client" and "was in the process of establishing an environmental law department," the plaintiff in Stewart was "largely unable to work in her chosen specialty" during the two years she worked for the defendant. Id. Plaintiffs here, in contrast, have put forth no allegations in support of their argument that the nature of their employment, rather than its duration, was different than what was promised them.

In addition, to the extent Plaintiffs base their claim for fraudulent inducement on Defendants' alleged promise that Mr. Bloomberg had committed the resources necessary to keep Campaign offices open through the general election (FAC ¶¶ 30, 35, 40-42, 52), Plaintiffs' claim fails for the additional reason that none of the cited statements constituted a promise to employ any particular individual, let alone to employ that individual for a certain duration of time. To the extent that any Plaintiff construed these statements about general Campaign infrastructure to constitute personal promises of guaranteed employment through November 2020, and relied upon them, such reliance was unreasonable. See State St. Glob. Advisors Tr. Co. v. Visbal, 431 F. Supp. 3d 322, 353 (S.D.N.Y. 2020) (finding "no reasonable person would have adjusted her conduct in reliance on . . . statements" that the plaintiff "looked forward to working with" the defendant and that their "objectives are still being met in terms of shared recognition" because those "'vague and general statements of optimism' cannot 'form the basis for a fraudulent inducement claim.'" (citation omitted)).

Because this Court finds that Plaintiffs have failed to adequately plead reasonable reliance on Defendants' alleged misrepresentations, the Court need not consider the parties' arguments as to whether Plaintiffs have also failed to plead adequate damages.

Therefore, Defendants' motion to dismiss is granted with prejudice as to Plaintiffs' claims for fraudulent inducement against the Campaign and Mr. Bloomberg, individually.  Plaintiffs will not be granted leave to amend their complaint because their claim for fraudulent inducement is not cognizable under New York law—any reliance by Plaintiffs on Defendants' promises of future employment was unreasonable as a matter of law.  Plaintiffs' attempt to recast Defendants' future promises of continued employment as statements of present fact and present intentions amounts to an improper attempt to characterize a potential contract claim as one based in fraud.  See Jelks, 2001 WL 50891, at *3 (explaining that an at-will employee may not "evade the bar against suing for wrongful termination by suing in tort").

Promissory Estoppel Claim

Plaintiffs claim that Defendants clearly and unambiguously promised them continued employment through the November 2020 general election but reneged on this promise by terminating their employment in March 2020 when Mr. Bloomberg withdrew from the Presidential race.  Plaintiffs allege that they reasonably relied on the promise to their detriment by resigning from other employment and/or foregoing other employment or educational opportunities to work for the Campaign.  Defendants move to dismiss Plaintiffs' claim for promissory estoppel, arguing that (1) Plaintiffs' claim is precluded as a matter of law because at-will employees cannot reasonably rely on promises of continued employment, and (2) Plaintiffs have also failed to plead an unconscionable injury.

To state a claim for promissory estoppel, a plaintiff must allege "that the [defendant] made a clear and unambiguous promise, upon which the [plaintiff] reasonably relied, to its detriment." NRP Holdings LLC v. City of Buffalo, 916 F.3d 177, 202 (2d Cir. 2019) (quotation omitted). "Courts in this Circuit disagree regarding the extent to which New York law permits promissory estoppel claims in the employment context." Shetel Indus. LLC. v. Adin Dental Implant Sys., Inc., No. 17-CV-2505-SJF-ARL, 2021 WL 1108666, at *5-6 (E.D.N.Y. Mar. 23, 2021) (internal quotation and citation omitted); Christian v. TransPerfect Glob., Inc., No. 17-CV-5554-PKC, 2018 WL 4571674, at *8 (S.D.N.Y. Sept. 24, 2018) (concluding "promissory estoppel is not absolutely foreclosed in all circumstances that arise in the employment context"). Even if not entirely precluded in the employment context, however, courts have "generally applied the bar when no promise arises that is separate from an employment relationship." Shetel Indus. LLC., 2021 WL 1108666, at *5-6 (internal quotations and citation omitted). As explained above, the promises at issue here concerned the duration of Plaintiffs' employment, and therefore were not separate from but, rather, were central to the employment relationship. See Christian, 2018 WL 4571674, at *8 (S.D.N.Y. Sept. 24, 2018) (promissory estoppel claim cognizable where plaintiff alleged he was performing duties of other officers and thus his claim was "not coextensive with his employment relationship"); Joshi v. Trs. of Columbia Univ., No. 17-CV-4112, 2018 WL 2417846, at *9 (S.D.N.Y. May 29, 2018) (promissory estoppel claim cognizable where plaintiff did not invoke promissory estoppel to "seek reinstatement of his employment or benefits, but rather complains of the University's retaliation, which has stifled his 'cutting-edge research.'").

In addition, to the extent that Plaintiffs allege that they relied on the Campaign's promises of guaranteed employment after accepting the Campaign's offer letters, the Court finds that Plaintiffs' promissory estoppel claim fails for the same reason as Plaintiffs' fraudulent

inducement claim, namely that Plaintiffs are unable to plausibly plead reasonable reliance on Defendants' representations of continued employment when they were at-will employees of the Campaign.  See e.g., Blodgett v. Siemens Indus., Inc., No. 13-CV-3194-JMA-AKT, 2018 WL 385477, at *5 (E.D.N.Y. Jan. 11, 2018) ("As it is undisputed in this case that Plaintiffs were at-will employees, they cannot establish reasonable reliance on any oral assurances of continued employment."); Kramsky v. Chetrit Grp., LLC, No. 10-CV-2638-HB, 2011 WL 2326920, at *4 (S.D.N.Y. June 13, 2011) (noting "'at will' employment arrangement renders any reliance on a representation of continuous employment unreasonable"); Arias, 712 N.Y.S.2d at 103-104 (finding promissory estoppel claim failed because Plaintiff "could not establish that he reasonably relied on defendant's representations" since the "offered employment was at-will"). Plaintiffs similarly have failed to plead reasonable reliance on any alleged oral representations regarding the duration of their employment made prior to accepting the Campaign's offers of employment, since the offer letters ultimately specified that their employment was at-will and conflicted with any promise of guaranteed employment for a definite term.  See, e.g., Backus, 2017 WL 3600430, at *10 (explaining "reasonable reliance is precluded when an express provision in a written contract contradicts a prior alleged oral representation in a meaningful fashion" (internal quotation and citation omitted)).

Plaintiffs' alleged reliance on oral representations of continued employment was particularly unreasonable in this case, given the employment agreement's no-oral modification clause.  See e.g., Randolph Equities, LLC v. Carbon Cap., Inc., 648 F. Supp. 2d 507, 523-24 (S.D.N.Y. 2009) ("To prove promissory estoppel, a plaintiff must establish reasonable reliance on the defendant's statements[,] [b]ut where the 'terms of an unambiguous contract are inconsistent with the statements that form the basis of the claim, the claiming party could not have reasonably relied on those statements as a matter of law.'" (quoting Ixe Banco, S.A. v.

<u>MBNA Am. Bank, N.A.</u>, No. 07-CV-0432-LAP, 2008 WL 650403, at *11 (S.D.N.Y. Mar. 7, 2008)) (emphasis in original)); <u>Kleinberg v. Radian Grp., Inc.</u>, No. 01-CV-9295-RMB-GWG, 2002 WL 31422884, at *10 (S.D.N.Y. Oct. 29, 2002) (finding reliance on extra-contractual communications unreasonable where the action "involve[d] an unambiguous and comprehensive contract . . . that expressly precluded oral modification" (citation omitted)).  Having found that Plaintiffs have not adequately alleged reasonable reliance, the Court need not reach Defendants' argument as to whether Plaintiffs have also failed to plead an unconscionable injury.

    Thus, Defendants' motion to dismiss is granted with prejudice as to Plaintiffs' claims for promissory estoppel against the Campaign and Mr. Bloomberg, individually. Plaintiffs will not be granted leave to amend their allegations as to this claim because any reliance on the alleged oral representations of continued employment was unreasonable as a matter of law.

CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted, and Plaintiffs' fraudulent inducement and promissory estoppel claims against the Campaign and Mr. Bloomberg are dismissed with prejudice. The Court need not reach Defendants' motion in the alternative to strike the First Amended Complaint's class allegations.

This Memorandum Opinion and Order resolves docket entry no. 51. The Clerk of Court is respectfully directed to enter judgment dismissing the First Amended Complaint and close this case.

SO ORDERED.

Dated: March 25, 2022
      New York, New York

                                        /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge